## PHŒNIX INSURANCE COMPANY v. A. J. WARD.

### No. 515.

1. **Agency.**—W. was the agent of the insurance company at Beaumont. Keen was his clerk, and had been for more than three years, and did all the detail work of soliciting insurance, filling out policies, collecting premiums, and the like, W. doing nothing except to sign the policies officially. The facts constituted Keen the agent of the insurance company, and notice to him would bind the company.

2. **Conditions in Policy.**—The condition in the policy, that "if the property was incumbered by mortgage the policy should be void," was reasonable; but the insurance company would be estopped to set up the breach of the condition if the policy was delivered with full knowledge of an existing mortgage constituting the breach. W. had no knowledge of it, but K. did, and therefore the company was liable.

3. **Want of Cross-Assignment of Error.**—Request is made to reform the judgment, and give appellee the full amount of his policy (the court below having rendered judgment for the amount of the policy, less the value of a piano upon which was a mortgage); but while the court inclines to the opinion that the contract of insurance was not divisible, there is no cross-assignment of errors, and we can only affirm the judgment.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*Hobby, Lanier & Kirby,* for appellant.—1. A condition, that if the insured is not the sole, entire, and unconditional owner in the policy, it is void, is reasonable and valid, and a violation thereof vitiates the contract and prevents a recovery by the insured. 1 May on Ins., sec. 287 (A. & B., 3 ed.); Ins. Co. v. Camp, 64 Texas, 525.

2. If the policy is to be void when the interest of the insured, as owner, trustee or mortgagee, is not truly stated, a failure to disclose a mortgage is fatal. Ins. Co. v. Camp, 64 Texas, 525; Olney et al. v.

Ins. Co., N. W. Rep., 100; Ostr. on Ins., p. 60, sec. 20; Hicks v. Ins. Co., 71 Iowa, 119.

3. Although the contract may consist of several distinct and wholly independent items, if the consideration paid is single the contract is entire. 2 Pars. on Con., 519; Miner v. Bradford, 22 Pick., 457; McQueeny v. Ins. Co., 12 S. W. Rep., 498; McClurg v. Price, 59 Pa. St., 420; May on Ins., secs. 189, 277.

*Greer & Greer*, for appellee.—The pleadings and proof showing the plaintiff first insured his property with the defendant in two policies, his household goods being in one and the piano in the other, separately, because it was under mortgage; and the policy in suit being but a renewal of this insurance with the same company and same person representing it; and that plaintiff called such person's attention to the fact that the piano was included with the other effects in this renewal policy, and such person so representing said defendant assuring plaintiff it made no difference and would not affect the policy; and such person so accepting the premium from plaintiff; and the company (defendant) itself afterwards having adjusted a partial loss on the policy of $25 after full investigation, and continued it in effect as to the balance of the sum stipulated in it; these facts created an estoppel on the defendant, whether the person so representing it in taking out the policies originally was its agent or not; and the court did not err in holding the policy valid as to all the other property than the piano. Ins. Co. v. Ende, 65 Texas, 118; Ins. Co. v. Gordon, 68 Texas, 144; Ins. Co. v. Flournoy, 84 Texas, 632; Ins. Co. v. Wilkinson, 13 Wall. (U. S.), 222; 7 Am. and Eng. Encyc. of Law, 1052; 11 Id., 321–323.

GARRETT, CHIEF JUSTICE.—This is a suit upon an insurance policy to recover for the value of certain household goods destroyed by fire. By the terms of the policy sued on it was provided, that if the assured was not the sole, unconditional owner, and if his title was not complete to the property, or if the same was incumbered by mortgage, the policy was to be void. The defendant pleaded that it was not liable, because the policy was obtained by the plaintiff upon the representation, at the time it was issued, to the effect that plaintiff was the unconditional and sole owner of the property insured, and that the same was not incumbered by mortgage, when in fact the plaintiff was not the owner of the piano, a part of the property insured, for that it was then mortgaged to Thomas Goggan & Bro., of Galveston. The court rendered judgment in favor of the plaintiff for the amount of the policy, less the value of the piano.

The liability of defendant upon its contract of insurance was established if the defense set up was not sustained, or if the contract of insurance was divisible.

Upon its face the policy insured the property in the aggregate for the sum of $1450. No separate value is given to any of the items of the property insured; the property insured is described as "household furniture, useful and ornamental, kitchen furniture and utensils, etc., piano, organ, sewing machine, family supplies and fuel." The policy is entire in form and recites payment of an entire premium.

There is credited on the policy $25 for a previous loss which had been adjusted and settled at that sum.

There was a chattel mortgage upon the piano for $550 in favor of Thos. Goggan & Bro., of Galveston, at the time the policy was issued, and at the time of the fire.

Prior to the issuance of the policy sued on, the plaintiff had separate policies of the defendant on the piano and the other property issued upon written applications; the one on the piano for $600, and that on the other property for $850. When these policies expired S. R. Keen, who was the clerk of V. Wiess, the agent who issued them, inquired of plaintiff if he wished to renew the same; plaintiff then declined to do so, but after two or three days, on reflection, told Keen to renew the insurance, and the policy sued on was issued. When it was presented to the plaintiff by Keen, plaintiff asked him if he ought not to put the piano in a separate policy from the furniture, and make it payable to Thos. Goggan & Bro., as their interest might appear. He replied that it made no difference. Plaintiff told Keen before he took the policy that the piano was mortgaged, and accepted his statement that the policy was all right, and paid the premium. The policy was issued on verbal application, as above stated.

V. Wiess was the agent of defendant at Beaumont and in Jefferson County. Keen was his clerk, and had been for more than three years, and did all the detail work of soliciting insurance, filling out policies, collecting premiums, and the like, Wiess doing nothing more than to sign the policies officially. In all other respects than to sign the policies Keen had the management of the business. Wiess had no knowledge of the mortgage on the piano, and never heard of it until after the fire.

The court below, trying the case without a jury, found that Keen was not the agent of defendant, and that notice to him would not bind the defendant; but held, that the policy was a divisible contract for insurance, and rendered judgment as above stated in favor of the plaintiff for the sum of $825, with interest, being the balance of policy less $600, the value of the piano. Both parties excepted to the judgment of the court and gave notice of appeal, but the defendant only has assigned errors.

The condition of the policy relied on by the defendant to defeat a recovery by the plaintiff is reasonable, and would be ordinarily valid. Ins. Co. v. Camp, 64 Texas, 524. But defendant would be estopped to

set up the breach of such condition if the policy was delivered with full knowledge of the facts constituting the breach. To insist on these facts as a ground of avoidance, is to attempt a fraud. Ins. Co. v. Ende, 65 Texas, 121. While we are disposed to agree with appellant that the contract was not divisible, and that the court below erred in so holding, yet if the undisputed facts show that Keen was such an agent of the defendant as that notice to him of the fact of the mortgage would be notice thereof to the defendant, the judgment of the court below ought to be affirmed.

The court found that Keen had knowledge of the mortgage, but that he was not the agent of the defendant. The facts as above stated, however, with respect to his agency, appear from the statement of facts to be undisputed. He was shown to be the clerk of Wiess, who was the general agent of defendant for Jefferson County, with powers to solicit insurance and issue policies, for the transaction of his entire insurance business, except the signing of policies. As such clerk, notice to him was notice to the defendant. Ins. Co. v. Josey (Texas Civ. App.), 25 S. W. Rep., 685; Mech. on Agency, sec. 193; May on Ins., sec. 154; Bodine v. Ins. Co., 51 N. Y., 117; Arff v. Ins. Co., 125 N. Y., 57; Ins. Co. v. Bounds (Neb.), 53 N. W. Rep., 660; Bergeron v. Ins. Co. (N. C.), 15 S. E. Rep., 883; Ins. Co. v. Ruckman (Ill.), 20 N. E. Rep., 77.

We are asked by the appellee to reform the judgment of the court below and render judgment in his favor for the full amount of the policy. As this court has only appellate jurisdiction, and the appellee has not invoked such jurisdiction by a cross-appeal, we can only affirm the judgment.

*Affirmed.*

Delivered April 12, 1894.