WESTCHESTER FIRE INSURANCE COMPANY v. WAGNER & CHABOT.

Decided June 6, 1900.

**1. Fire Insurance—Waiver by Agent—Case Followed.**

Insurance Company v. Wagner, 92 Texas, 549, followed on the point that an agent of an insurance company may verbally waive conditions in the policy, notwithstanding a stipulation therein requiring that such waiver must be in writing and indorsed thereon or attached thereto.

**2. Same—Ownership of Property.**

Where the insurance company's agent was informed by the insured that they did not own part of the property, but held it for sale on commission, and the agent made out the policy in their name, designating them as the owners, this was a waiver of a stipulation in the policy that it should be void if the interest of the insured was not truly stated therein.

**3. Same—False Statement by Insured Must be Willful.**

Where the company's agent was informed prior to the issuance of the policy that plaintiff did not own part of the property insured, but held it on commission, and plaintiffs made the same statement to the company's adjuster after the loss, a statement subsequently made by plaintiffs in the proofs of loss that they were the owners of the property, would not avoid the policy, since it could not have been willfully false and made with intent to deceive.

APPEAL from Bexar. Tried below before Hon. R. B. GREEN.

*P. H. Swearingen,* for appellant.

*Walling & Norton* and *T. H. Franklin,* for appellees.

JAMES, CHIEF JUSTICE.—We conclude from the testimony the following facts, in deference to the verdict: Wagner & Chabot had a

stock of bar furniture in their store in San Antonio belonging to Kloak Bros. & Co., holding same on commission, under an agreement of sole agency. They obtained from appellant's agent a fire policy which embraced in its description of property insured, the above stock, and "glassware and silver and plated ware, and such other articles and appliances used by them to make a display of such goods." Kloak Bros. & Co. owned only the bar furniture and fixtures; all else was the property of Wagner & Chabot.

The policy insured Wagner & Chabot, Kloak Bros. & Co. not being mentioned therein, and contained provisions as follows: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured be not truly stated herein; or in case of fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." * * * "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured has now or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy, * * * or if the interest of the insured be other than unconditional and sole ownership." * * * "If fire occur, the insured shall, * * * within sixty days after the fire, unless such time is extended by the company, render a statement to this company signed and sworn to by said insured stating the knowledge and belief of the insured as to time and origin of the fire, the interest of the insured and of all others in the property, etc." The policy concludes thus:

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions, unless such waiver, if any, shall be written upon or attached hereto."

The agent issuing the policy in question was informed by Wagner & Chabot that Kloak Bros. & Co. were the owners of the property sought to be insured, and with this information prepared and delivered the policy, with Wagner & Chabot as the insurers, receiving the premium.

After the fire in which the goods of Kloak Bros. & Co. were destroyed (no goods of Wagner & Chabot that might have been covered by the description in the policy being there or destroyed), and within sixty days thereafter, Wagner & Chabot made sworn proofs of loss, designating themselves as the owners of the property. Prior to this, and soon after the fire, appellant's adjuster had been there, and upon inquiries he was

informed by Wagner & Chabot that they were not the owners of the goods, and upon examining the policy, which he called for, he declared, in effect, that the policy was void for this reason. He stated that the company was not liable for the loss, and that he would leave it to the company, and that they would do what they wanted. The company did not pay the policy, and this suit was instituted.

*Conclusions of Law.*—This court should and does accept the ruling of the Supreme Court on a former appeal of this case, in effect that the restrictions or prohibitions of the policy against waivers of conditions by the company's agent issuing the policy, are of no effect. Insurance Co. v. Wagner, 92 Texas, 549. · There was testimony going to show that the agent was informed by Wagner & Chabot that the goods to be insured belonged to Kloak Bros. & Co., yet the policy was issued for the property covered by the description therein given, to Wagner & Chabot as the insured. It proved that some of the property described —that used in making display of Kloak Bros. & Co.'s bar fixtures and furniture—belonged to Wagner & Chabot.

It seems to us that the knowledge and act of the agent in issuing the policy, being the knowledge and act of the company itself, and the policy being issued by the agent to Wagner & Chabot with knowledge of title in Kloak Bros. & Co. to the goods insured, there was a waiver of the above mentioned conditions relative to title. In other words, it was, for all purposes of the policy, treated as immaterial whether the goods insured belonged to Wagner & Chabot or to Kloak Bros. & Co. The goods described were expressly insured to Wagner & Chabot, which covered what was owned by them, and as to the goods which were owned by Kloak Bros. & Co., these were insured in the name of Wagner & Chabot, the agents and custodians, with notice that they were the former's goods. The policy being to Wagner & Chabot, if all the goods had proved to be theirs, they could have recovered, and we do not see why they could not have recovered any part that might have appeared to belong to them. We therefore conclude that plaintiff, the payees of the policy, could recover, notwithstanding the conditions in the policy referred to, irrespective of whether or not the goods destroyed belonged to them or Kloak Bros. & Co.

There is but one other question necessary to discuss, which is the effect of the sworn statement rendered by Wagner & Chabot to defendant after the fire, in which they stated that they were the owners of the property. The property destroyed and herein sued for was that of Kloak Bros. & Co. Appellant insists that this false statement annulled the policy by force of the condition upon that subject. The court refused to submit this issue, and error is assigned. It is the settled rule that false statements, to avoid a policy, must have been willful, and with design to deceive or defraud.

It is an uncontradicted fact in this record that previous to the making of this statement Wagner & Chabot had informed defendant's adjuster

that the property was not theirs. It appears also from the verdict, rendered upon full development of the issue, that the agent issuing the policy was informed of Wagner & Chabot's want of title. We think there is no evidence upon which the jury could have been permitted to find that the statement was willfully false, or made with intent to defraud defendant. It is inconceivable that, after informing the company's adjuster of the true fact, it should undertake to deceive the company by representing the matter falsely. If the issue had been submitted, it is plain the jury would have also found and had before them the further fact that Wagner & Chabot had also so informed the agent who issued them the policy. And defendant having been informed of a want of title in Wagner & Chabot, could not have been deceived or misled by the alleged false statement. Rohrbach v. Insurance Co., 62 N. Y., 613.

The judgment is affirmed.

*Affirmed.*