## JAMES E. SMITH, JR., Respondent, v. NORTH BRITISH & MERCANTILE INSURANCE COMPANY, Appellant.[*]

Springfield Court of Appeals, July 2, 1924.

1. **INSURANCE: Agent's Recognition and Adoption of Policy, Signed in His Name by His Clerk, Bound Insurer.** As to policy, providing that it would not be valid unless countersigned by insurer's authorized agent, if agent's clerk wrote policy and signed agent's name, and thereafter the agent adopted the clerk's action, either specially or according to his usual method of dealing, and recognized the policy, then insurer is bound.

2. ————: **Whether Insurer's Agent Ratified or Adopted Policy Issued by Clerk, Held for Jury.** Whether insurer's agent ratified or adopted a policy issued by a clerk, who countersigned the agent's signature, held for jury.

3. **APPEAL AND ERROR: Instructing on Ratification, Not Pleaded, Held Not Error.** Where evidence tending to show ratification of a clerk's action in countersigning agent's name to policy went in without objection to its competency on the ground that ratification was not pleaded, it was not error to instruct on the question of ratification, although not pleaded.

4. **EVIDENCE: Insurer's Letters Held Admissible as Admission That Policy was Issued to Insured, Although Insurer May Not Have Been Fully Possessed of the Facts From Its Viewpoint When Written.** In action on fire policy, in which plea of *non est factum* was interposed, letters written by insurer to plaintiff's attorney, stating that insurer had ordered the policy cancelled, and that such was done, *held* admissible as an admission that insured had a policy, and the mere fact that insured may not have been fully possessed of the facts from its viewpoint, when the letters were written, does not make the letters incompetent for the purpose for which they were offered.

5. **APPEAL AND ERROR: Instruction Held to Assume Issuance of Policy.** An instruction, which in effect stated that, if defendant insurer issued policy insuring plaintiff's property, recovery could not be defeated merely because the property was in another county than that of the agent writing it, *held* to assume that the policy was in fact issued.

6. ————: **Refusal to Give Requested Instruction, Held Not Error, Where, Instructions Given Covered Issues.** Refusal to give re-

quested instruction *held* not error, where the instructions given
fairly covered the issues.

---

*Headnote 1. Fire Insurance, 26 C. J., section 50; 2. Fire Insurance, 26 C. J., section 766; 3. Trial, 38 Cyc, p. 1616; 4. Evidence, 22 C. J., section 340, section 1106; 5. Fire Insurance, 26 C. J., section 778; 6. Trial, 38 Cyc, p. 1711.

Appeal from Circuit Court of Scott County.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Bailey & Bailey* and *Leahy, Saunders & Walther* for appellant.

(a) Defendant's demurrer to the evidence at the close of plaintiff's case and at the close of the whole case should have been sustained. The policy, not having been countersigned by a duly authorized agent, never became a binding obligation of defendant. McClure v. Mississippi Valley Ins. Co., 4 Mo. App. 148. (b) A provision in a policy of insurance requiring counter-signature by a duly authorized agent must be complied with to create a valid policy, and the assured was bound to take notice of the limitations of the policy. Joyce on Insurance, sec. 178, p. 465, and sec. 530; Wolff v. Dwelling House Ins. Co., 75 Mo. App. 337, 339; Badger v. American Popular Ins. Co., 103 Mass. 244; Fidelity & Casualty Co. v. Walton, 24 Okla. 671; Noyes v. Insurance Co., 1 Mo. App. 584. (c) And the authority to countersign and issue a policy, being an act entailing responsibility and judgment, cannot be delegated to a third person by the agent. McClure v. Mississippi Valley Ins. Co., 4 Mo. App. 148; Albers v. Insurance Co., 68 Mo. App. 545. (d) If the policy sued upon was valid at all it became so only by ratification of the authorized execution, which had to be pleaded and proven. It is well established in this State that if a party relied on ratification to establish his right he must tender such issue, and having failed to plead it he was not entitled to recover. Capital Bank v. Armstrong, 62 Mo. 59; Wade v. Hardy, 75 Mo. 399; Noble v. Blount, 77 Mo. 242; Loving Co. v. Cattle Co., 176 Mo. 353-54; McClana-

han v. Payne, 86 Mo. App., 292. (e) Ratification means the affirmance of that which the party was at liberty to reject. There could be no ratification without full knowledge of all the facts of the unauthorized execution of the policy. Pitts v. Steele Mercantile Co., 75 Mo. App. 221; Citizens Savings Bank v. Man, 129 Mo. App. 26; Butts v. Rubber Co., 169 Mo. App. 657; Craven v. House, 138 Mo. App. 251, 258; Clark v. Clark, 59 Mo. App. 532; Lynn v. Burgoyne (Ky.), 13 B. Mon. 400; 32 C. J. 1135; 1 Mechem on Agency, sec. 395, p. 286. (f) Ratification must have been made prior to the destruction of the subject-matter, otherwise there was nothing upon which the contract of insurance could operate. 1 Mechem on Agency (2 Ed.), secs. 504-505; Riverside Development Co. v. Hartford Ins. Co., 105 Miss. 184, Ann. Cas. 1916-D, 1274; Norwich Union Fire Ins. Co. v. Dalton, 175 S. W. 464. (g) No premium ever having been paid to and the policy never having been delivered by an agent or employee of defendant, no binding contract was ever entered into with plaintiff. 14 R. C. L., pp. 894 and 897. (h) Instruction No. 1, given at the request of plaintiff, purported to cover the entire case and omitted any reference to the defenses pleaded and is therefore, fatally defective. Beggs v. Shelton (1913), St. Louis Court of Appeals, 173 Mo. App. 127, 131; Boyle Mining Co. v. The Fidelity & Casualty Co. (1911), Springfield Court of Appeals, 161 Mo. App. 185, 210; Kelley v. The City of St. Joseph (1913), Kansas City Court of Appeals, 170 Mo. App. 358; Peoples Bank of Ava v. Baker (1917), Springfield Court of Appeals, 193 S. W. 632; Weller v. Plapao Laboratories (1917), St. Louis Court of Appeals, 191 S. W. 1056, l. c. 1060, point 6; Bluedorn v. Missouri Pacific Railway Co., 108 Mo. 439; Alexander v. Kansas City Railway Co. (1921), Kansas City Court of Appeals, 231 S. W. 66; Patterson v. Evans (1914), 254 Mo. 293; Van Zandt v. Wholesale Grocer Co. (1916), 196 Mo. App. 640, 651. (i) None of the instructions given required the jury to find that the plaintiff was the sole and absolute owner of the property at the time of the issuance of the policy and at the time of loss, and an essential element neces-

sary for recovery by plaintiff was entirely omitted. Clev-inger v. Northwestern Ins. Co., 71 Mo. App. 73; Jones v. Philadelphia Underwriters, 78 Mo. App. 296; Harness v. Fire Ins. Co., 62 Mo. App. 245; Rogers v. Fire Ins. Co., 186 Mo. 248; White v. Ins. Co., 93 Mo. App. 282. (j) Where the principal instruction purported to cover the whole case and omitted an essential element the error was not corrected by another instruction either for plain-tiff or defendant. Such instructions are held to be in-consistent in that one authorized a verdict without find-ing an essential fact though the other required it. Hall v. Coal & Coke Co., 260 Mo. 369; Bellows v. Travelers Ins. Co., 203 S. W. 985; Yantz v. McVean, 202 Mo. App. 382; Kerr v. Bush, 198 Mo. App. 616; Humphreys v. St. L. & Hannibal R. R., 191 Mo. App. 721; State ex rel. v. Ellison, 272 Mo. 572, 583; Walker v. White, 192 Mo. App. 18; Met-calf v. Runnels, 222 S. W. 894; Defosse v. U. Rys. Co., 201 S. W. 863.

*M. G. Gresham* and *Ward, Reeves & Oliver* for re-spondent.

(a) "While an agent has no power to delegate his agency to another, but he may employ clerks whose acts, as done in his name and recognized by him, either es-pecially or according to his usual methods of dealing with them, will be regarded as his acts, and as such bind-ing on the company." Lingenfelter v. Insurance Co., 19 Mo. App. 252, 265; Carroll v. Insurance Co., 249 S. W. 692. (b) Defendant having issued the policy, received the premium on December 27, 1918, could not on Febru-ary 28, 1919, cancel the policy and retain the premium. Zallee v. Insurance Co., 233 S. W. 280; Andrus v. In-surance Co., 168 Mo. 151; Jaggi v. Insurance Co., 191 Mo. App. 391. (c) And in this connection, if it becomes per-tinent, we might call the court's attention to the fact that: "For over seventy years the practice has obtained in this State in suits upon insurance policies to admit proof of waiver without requiring the waiver relied up-on to be alleged in the pleadings." Andrus v. Insur-ance Co., 168 Mo. 161; Scott v. Insurance Co., 222 S. W.

1047; McCullough v. Insurance Co., 113 Mo. 616. (d) And defendant having received this premium and kept it after having been notified that its agent Dover, had not paid back the premium, by a letter from plaintiff's attorney on the 18th of January, 1922, (Abs. 34), and defendant being advised of this fact retained the premium, waived the alleged defect in countersigning of the policy. Hayden v. Insurance Co., 221, S. W. 441; Gold Issue Co. v. Insurance Co., 267 Mo. 604; Harland v. Insurance Co., 192 (Mo. App.) 202. (e) This policy was countersigned "C. E. Dover, Agent." It was not countersigned "C. E. Dover, by Clarence Scott;" but it bore on its face the earmark of validity, and the plaintiff was not required to know that in truth and fact this signature was actually written by C. E. Dover. Reiter v. Insurance Co., 243 S. W. 197; Shook v. Insurance Co., 154 Mo. App. 395. (f) This policy, as all others, acknowledged the receipt of the first premium; the defendant from its head office in New York and from its State Agent in Missouri in their letters over their own signatures admit "that the policy was issued;" admit that the policy was in evidence and binding from December 27, 1918, to February 28, 1919; and with these admissions over defendant's signature and introducing the policy and showing the property was destroyed by fire make a prima-facie case for plaintiff, and throws the burden upon defendant to come forth with affirmative proof, and in absence of such proof the verdict must be for plaintiff. Zallee v. Insurance Co., 223 S. W. 280; Lafferty v. Insurance Co., 229 S. W. 750; Godfrey v. Fire Insurance Co., 232 S. W. 231 (and cases cited). (g) The policy acknowledged the receipt of first premium, as this and all fire insurance policies do, the insured is estopped to deny such payment for the purpose of showing such policy is void. Berryman v. Insurance Co., 285 Mo. 279; Salisbury v. Insurance Co., 279 Mo. 40. (h) All the instructions given, for both plaintiff and defendant, must be read together, and if taken as a whole they correctly state the law, then all essentials to a recovery or to the defense need not appear in one instruction. Wingfield v. Railroad, 257 Mo. 347; Gregore v. Burris, 153 Mo. 232;

Gibler v. Railroad, 203 Mo. 222; Stanffer v. Railroad, 203 Mo. 332-333; State ex rel. v. Trimble, 291 Mo. 233-234; Holeman v. City of Macon, 177 S. W. 1078; Lange v. Railroad, 208 Mo. 458; Anderson v. Railroad, 161 Mo. 411. (i) If plaintiff asks instructions embracing all the elements of his case, he need not include in his instruction matter covering defendant's allegations when defendant offers instructions covering his defense. State ex rel. Jenkins v. Trimble, 291 Mo. 227; Davis v. Railway, 182 S. W. 827; Holeman v. City of Macon, 177 S. W. 1078. (j) The authorities cited by appellant are not in point as defendant tendered instructions, which the court gave, covering its defenses, and under such circumstances the rule is that where plaintiff's instructions omit some feature which is not an element of his cause of action, but is merely a defensive matter, the omission is cured by defendant submitting that issue. State ex rel. v. Trimble, 291 Mo. 227; Hill v. Johnson, 249 S. W. 138; State v. Roberts, 242 S. W. 674; Davis v. Railway Co., 182 S. W. 827; Hoagland v. Railway Co., 209 S. W. 569; Haggard v. Iron Co. 249 S. W. 712. (k) Defendant, under division four of his brief contends that the instruction did not require jury to find that the plaintiff was the owner of the goods in question. But there is nothing to this contention for the following reasons: (1) That was not a contested issue in the case, and it was conceded by both parties that this was plaintiff's goods that were burned. (2) This is very technical and comes within the purview of the State prohibiting Court of Appeal reversing cases unless there is an error materially affecting the merits of action. Sec. 1513, R. S. 1919; Heer v. Railway Co., 41 Mo. App. 82; Freeland v. Williamson, 220 Mo. 217; King v. King, 155 Mo. 406.

BRADLEY, J.—This is an action on an insurance policy covering household goods. On trial before the court and a jury plaintiff recovered and defendant appealed.

The petition is in the usual form. The answer is a general denial, and a plea of *non est factum*. Defendant assigns error (1) on the refusal of its demurrer at the

close of the case; (2) on the instructions, and (3) on the admission of evidence.

C. E. Dover, Joe Moore and M. G. Gresham were insurance agents in Sikeston, Scott county, Mo. In order to save expenses they employed one Clarence Scott as a clerk, and Scott kept the records and did the clerical work for the three agents. Each agent represented different companies, and each one in the beginning signed policies in blank and turned them over to Scott. Scott transacted the insurance business of the three agents, and accounted to each according to the amount of business written in the companies of the respective agents. Finally Scott got to writing the names of the agents on the policies, and did not depend on having a policy already signed. These agents had a common office, and Scott was in charge of it. Moore and Gresham were lawyers, and Dover had other business. Insurance was kind of a side line with each of them. Dover's insurance books and records were moved to the office theretofore used by Moore and Gresham, and the three thereafter used this office as an insurance office.

The defendant company was one of Dover's companies. Plaintiff went to this common office for insurance on his household goods. He had a talk with Moore about the insurance. Moore directed Scott to write the policy, and Scott wrote it in the defendant company, signing Dover's name thereto. Plaintiff delivered his check to Moore to cover the premium, but it does not appear to whom the check was payable. The policy was not delivered, but was left in the office as was frequently done. The policy was written on December 27, 1918. Scott entered it on the office records kept by Dover for defendant company, and also reported it to defendant on the day written, and Dover was charged with the premium. In the monthly report and remittance following the writing of the policy, Dover remitted to cover this premium. Dover's agency for defendant expired February 4, 1919, and going through his insurance records after the expiration of his agency he found the policy sued on. At the time Dover found the policy among his records Moore was dead, and Scott was not in charge of

214 M. A.—35.

the insurance office. Dover says that he noticed that the policy covered household goods in Lilbourn, New Madrid county, and that his agency was for Sikeston in Scott county, and that he had not solicited this policy, and knew nothing of it until he found it as stated. Without consulting anyone, or advising plaintiff, Dover marked the policy "spoiled," and sent it in to defendant, and asked that the amount he had sent in on this policy be returned to him. March 10, 1919, defendant received the policy, marked it cancelled, made the other necessary entries showing cancellation, and remitted to Dover the return premium, but did not notify plaintiff.

Plaintiff's household goods were destroyed by fire June 22, 1921, and the C. E. Dover Insurance Agency on the next day, June 23rd, notified defendant of the loss, giving the correct number of the policy, and the date of its expiration, and requested blanks for proof of loss. Howard E. Morrison was in charge of Dover's insurance office when this notice of loss was given, and Morrison prepared the notice and signed it "C. E. Dover Insurance Agency." Dover's agency was not at that time representing defendant, and had not since February 4, 1919. It does not appear just how Morrison got his information about the policy, but presumably from the records in Dover's office. Defendant refused to pay, and this suit followed.

Defendant's chief contention in support of its demurrer is that the policy was void *ab initio*, because it was not countersigned by Dover. The policy provided that it would not be valid "unless countersigned by the duly authorized agent of the company at Sikeston, Mo." Defendant's learned counsel urged that countersigning the policy was an act that Dover could not delegate, citing McClure v. Mississippi Valley Ins. Co., 4 Mo. App. 148. In the McClure Case it appears that one Wickersham represented the defendant insurance company at Jacksonport, Ark. Wickersham formed a partnership with Kerr, and the partnership was to carry on the business of insurance. In Wickersham's absence Kerr wrote a policy and countersigned it as follows: "J. W. Wickersham, agent, per Will W. Kerr." The policy in that

case provided, as does the policy at bar, that it would not be valid until countersigned by a duly authorized agent. Knowledge of the partnership arrangement between Wickersham and Kerr was not brought home to defendant; Kerr made no report of the policy to the company, but did report the issue thereof to Wickersham. It was held that Wickersham could not delegate to Kerr the authority to countersign in the manner there attempted. Also it was held that the manner attempted in countersigning was sufficient to put the insured on guard. The controlling principle running through the McClure Case is that the act of insuring property requires the exercise of judgment and discretion, and it is the exercise of such that the court said could not be delegated, and not the physical act of writing a name. The court said: ''The question is not merely as to the signing and delivery of the policy. Those acts in themselves may be unimportant; but they are essential when they imply the previous exercise of judgment.''

Plaintiff in the cause at bar seeks to distinguish his case from the McClure Case. It is contended that Dover by his action and lack of action ratified the act of Scott in countersigning the policy in the manner stated. The cause at bar does differ from the McClure Case in these particulars: Scott signed Dover's name, and did not show that the signing was done by an agent; the policy was left in Dover's office, which was shown to be not an infrequent occurrence; there was nothing which should or would have put plaintiff on guard; and there was no claim that the authorized agent ratified the act of the subagent in the McClure Case as in the instant case.

In Lingenfelter v. Phoenix Ins. Co., 19 Mo. App. 252, it appears that the company was represented at Maryville, Mo., by one Hubert. At that time the company had no local agent at Burlington Junction, a nearby town. Hubert requested one Burdick to represent him at Burlington Junction in securing insurance in the Phoenix, and sent to Burdick blank applications, etc. January 30, 1882, Burdick solicited plaintiff, and plaintiff signed an application and paid the premium. The application stated that the insurance should run for one year, begin-

ning at noon January 30th. The application was signed "W. H. Hubert, agent." Burdick mailed the application to Hubert, but before Hubert had written up a policy the property was destroyed. The company there contended that it was not bound. In disposing of the point the court said: "There is no question of the general agency and power of Hubert. His powers were plenary to solicit and receive applications for insurance, to issue policies, and to do all things pertaining thereto. The sum of the declarations of law made by the court is to this effect: If this agent authorized Burdick for him and in his name to solicit applications and collect premiums for him, and Burdick accordingly did this, and obtained the application in question, received the premium, or its equivalent, and forwarded the application to Hubert, who received and approved the same before the fire, this bound the company. There is no occasion for the application or discussion of the maxim *Delegatus non potest delegare;* for it may be conceded that Hubert had no power to delegate his agency to another or to sublet it. But he may employ clerks and subagents, whose acts, if done in his name and recognized by him either specially or according to his usual method of dealing with them, will be regarded as his acts, and as such binding on the principal."

So it appears that the policy at bar was not necessarily void *ab initio.* Dover could not delegate to Scott the power to bind the defendant, but he could employ Scott as a clerk, and if in such capacity Scott wrote the policy and signed Dover's name, and thereafter Dover adopted Scott's action "either specially or according to his usual method of dealing," and recognized the policy then defendant is bound. [See, also, State ex rel. Chorn v. Hudson, 222 S. W. (Mo. App.) 1049.] The question, therefore, arises: Is there any substantial evidence to support the instruction based on the theory of adoption or ratification? The facts are that this policy was written; it was entered on the books in Dover's office like the record of any other policy; it was reported to defendant the day it was written; Dover remitted the part of the premium that was going to the defendant. The infer-

ence is that Dover examined the record in his office before he made the monthly report when he remitted for the policy. He remitted the exact amount that was due the defendant on this policy. He could not guess at this. He must have gotten the information from the records in his office kept by Scott. If he did, then he knew from the record of this policy that the property insured was in Lilbourn and not in Sikeston, and knew the name of the insured; knew what was insured; and knew the term and amount. Dover knew when he remitted that he had not personally solicited and written this policy. With this knowledge he remitted to cover the premium. Dover says that he found the policy and marked it spoiled, and sent it in and asked that the premium he had remitted on it be returned to him. Defendant in one of its letters to plaintiff's attorney says: "Our records are quite complete. We ordered the policy cancelled. In due course the cancelled document reached our New York office and a draft for the amount of return premium was mailed to and endorsed by the agent who issued the policy." Defendant says it *ordered* the policy cancelled and a draft for the return premium was mailed to the agent who *issued* the policy. A void instrument cannot be cancelled, nor can an instrument be *issued* and *not issued*. The inference from this letter is that the order to cancel was made before Dover *found* the policy. Dover says nothing about being ordered to cancel the policy, but says he found it, marked it spoiled and sent it in. We hold that there is sufficient evidence here to take to the jury the question of ratification or adoption.

Defendant contends, however, that plaintiff cannot stand on the theory of ratification, because ratification is not pleaded. All of the evidence tending to show ratification of the action of Scott in countersigning in the manner stated went in without objection to its competency on the ground that ratification was not pleaded. In such case there is no ground for complaint, and it was not error to instruct on the question of ratification although not pleaded. [Frank Hart Realty Co. v. Ryan, 218 S. W. (Mo. App.) 412, and cases there cited.] Defendant's demurrer was properly refused.

Defendant challenges instructions 1, 2, 3, 4 and 5 given at plaintiff's request. Number 1 is challenged on the ground that it purports to cover the whole case, but omits the defense. The only defense pleaded, except a general denial, is the plea of *non est factum.* Plaintiff, of course, must establish the execution of the policy, and such burden is placed upon plaintiff by the instruction. Instruction 2 is challenged on the ground that it assumed the total destruction of the property alleged to have been insured, submitted an erroneous basis for the loss, and required the jury to allow plaintiff the full amount of the policy or nothing. We do not consider the instruction susceptible of such construction. Instruction 3 told the jury that defendant could not cancel the policy without paying back the unearned premium to plaintiff. Defendant contends that this instruction was erroneous because it injected into the case the question of cancellation, when such question was not in the case, and that such beclouded the issues and misled the jury. The subject of cancellation was mentioned in some of the letters from defendant which letters were offered by plaintiff. In one of these letters defendant unequivocally stated that it had *ordered* the policy cancelled, and that such was done. Throughout the correspondence "cancellation" and "return premium" are spoken of. Plaintiff introduced these letters as tending to establish an admission that he *had* a policy. They were competent for that purpose. The mere fact that defendant may not have been fully possessed of the facts from its viewpoint when the letters were written does not make the letters incompetent for the purpose for which they were offered. [Dye v. N. Y. Life Ins. Co., 207 Mo. App. 540, 227 S. W. 1062; same Case, 257 S. W. (Mo. App.) 196.] We do not think that this instruction in any manner misled the jury.

Instruction 4 in effect told the jury that if defendant issued the policy insuring plaintiff's property recovery could not be defeated merely because the property was in Lilbourn. Defendant says that this instruction assumed that the policy was issued. Clearly it is not susceptible of such construction. Defendant did not consider this instruction of sufficient importance to mention

it in its brief proper.. It is mentioned only in the written argument. Instruction 5 was on the question of ratification. We have already ruled that an instruction on this question was proper under the evidence. Instruction No. 5 is as follows: "You are further instructed that notwithstanding you may find and believe that defendant's agent, C. E. Dover, did not sign the policy in question, yet if you further find and believe that he authorized Clarence Scott to sign his name thereto, or if you find that said Scott did sign the name of C. E. Dover and said Dover knew of such signing of his name recently thereafter and adopted such act as his own, and a report was made of said policy to the defendant company, and that said company charged C. E. Dover with the premium on said policy, and that said C. E. Dover at or about the end of the month said policy was issued sent to the defendant company a monthly statement of his business with the company, and included this policy therein and paid the premium due the company on this policy and acknowledged the same to be the policy of the defendant, then the defendant is bound thereby, and cannot defeat this case upon the theory that this policy was not signed by C. E. Dover in person."

This instruction covered the issue of ratification or adoption so far as pertinent under the evidence. Defendant asked an instruction on ratification. The court refused the one asked, but gave one of its own motion. We think that the instructions fairly covered the issues, and that defendant has no substantial ground for complaint.

Defendant challenged the competency of the letters introduced. We have already mentioned these letters. We do not think it is necessary to consider them separately or in detail. There may have been some irrelevant matter in them; such is usually the case with letters. We do not think that any irrelevant matter in them in anywise prejudiced defendant.

The judgment should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.