### UNIVERSAL AUTOMOBILE INS. CO. v. HALLINAN.

### No. 8870.

Court of Civil Appeals of Texas. San Antonio.

Oct. 12, 1932.

Rehearing Denied Nov. 16, 1932.

Eskridge & Groce, of San Antonio, for plaintiff in error.

Hull & Oliver, of San Antonio, for defendant in error.

FLY, C. J.

This cause was instituted by defendant in error to recover insurance on a Cadillac sedan in the sum of $1,000. Plaintiff in error admitted the contract of insurance but alleged that the policy was obtained by fraud and misrepresentation, and pleaded a tender of all premiums paid by the insured. The cause was tried by the court, without a jury, and judgment was rendered in favor of defendant in error for the sum of $1,000.

The court found the following facts which are adopted by this court:

"Plaintiff, N. T. Hallinan, on the 24th day of April, A. D. 1930, was approached by an agent of the defendant for the purpose of selling the said N. T. Hallinan a fire and theft, etc., policy of insurance on his automobile. The said agent at said time solicited said insurance from the said N. T. Hallinan, and at that time the said agent was informed that a former theft insurance policy issued to plaintiff had been canceled on the said automobile, he being informed by the said N. T. Hallinan at said time. The said agent at that time inspected and looked over the said automobile which was there at the place where the solicitation was made. After inspecting and looking over said automobile the said agent sold plaintiff, N. T. Hallinan, the fire and theft insurance policy sued upon herein. At the time the policy of insurance was sold, the said N. T. Hallinan made no representations to said agent of the Universal Automobile Insurance Company.

"In a day or two after the above transaction, an agent of the defendant, insurance company, delivered said insurance policy to plaintiff and received payment therefor, and at that time the said automobile was standing in front of the house and an agent again saw same, and was requested by plaintiff, Hallinan, to again inspect or look over same.

"Hallinan paid the following for the Cadillac automobile: $500 cash, and one Nash sedan, 1928 model, on the 15th day of February, A. D. 1930.

"Said Cadillac automobile which was insured was manufactured during late 1927 and 1928, a 314, 1928 model. After said Hallinan purchased said Cadillac automobile he put new tires on same and did considerable repairs. The actual cash value of the Cadillac automobile in question at the time it was stolen, and it was stolen, as alleged and never returned, was $1,200.

"The agent of the insurance company relied upon his own investigation at the time he sold plaintiff, Hallinan, the fire and theft policy as to the value of the said automobile, and at said time the said agent knew and was informed of the former insurance having been canceled."

The policy was obtained through the suggestion and aid of O. B. Krezdorn, who was not a regular agent of the insurance company, but who acted for it in this instance and was paid the accustomed percentage paid to agents. Krezdorn was not a broker and did not deal with the insured as a broker, but as the agent of the insurance company and the transaction for the purchase of the policy was consummated through him. He completed all the negotiations and was paid for his services by the insurance company. His agency was fully ratified and his services accepted and paid for. There was no evidence of fraud on the part of the agent or any collusion with insured. The knowledge of Krezdorn was the knowledge of the insurance company. Under the facts of this case not only did Krezdorn examine the car, but the actual agent of the insurance company, W. S. Grothaus, when he delivered the policy and collected the premiums, saw the car and had an opportunity to examine it.

Grothaus testified: "A friend of mine —Mr. O. B. Krezdorn—phoned me and said that Mr. Hallinan, who had met him at a garage some place, and he wanted some fire and theft insurance, or some kind of insurance on an automobile, which he doesn't write, and suggested that I get in touch with Mr. Hallinan. I got his address on Wyoming Street, 827 I think. So I got in touch with Mr. Hallinan on Wednesday, I think it was, April 24th,—that is the date the policy was written,—I went out to his house and talked to Mr. Hallinan and got the information necessary to write the policy, and came back to the office and wrote it or had it written rather by the policy clerk, and, as I remember, took it out the next day and he gave me his check for it and I left the policy with him."

This testimony shows that the regular agent of the company negotiated for and accepted pay for the insurance and delivered the policy. Krezdorn could be eliminated from the transaction, as he practically was, by Grothaus, and the insurance company is fully bound. The insured made no written representations as to the car and none was required of him.

The car was stolen and the amount of the insurance was not paid. The insured swore that the Cadillac car was not issued according to the year but according to a series, and that a car made in 1927 was in the same series as 1928, and the car would be spoken of as the issuance of either of those years. The insured denied making representations to Grothaus. Representations were referred to in the policy, the falsity of which would invalidate it, but it is not stated that any representations were made either orally or in writing. Grothaus was satisfied with what was told him by Krezdorn, and although he had a chance to examine the car and ascertain all the facts about it he did not do so. No representations were made to Grothaus by the insured, and if he had any representations they came from Krezdorn, upon whom he relied. He acted for and was paid by the insurance company.

The case of Automobile Ins. Co. v. Buie, 252 S. W. 295, 297, decided by this court was correct under the facts of that case, which are clearly distinguishable from the facts in this case. In the case cited the facts showed that the broker, who obtained the insurance for Buie was his agent and did not act for the company. Krezdorn was not the agent of the insured, and merely carried information to the company. Grothaus acted for the company with a knowledge of the facts. Krezdorn was an agent under article 5056, Rev. St. Under the terms of that statute the knowledge of Krezdorn was the knowledge of this company.

The judgment is affirmed.