## AMERICAN CENTRAL LIFE INS. CO. v. ALEXANDER.
### No. 1618—6035.

Commission of Appeals of Texas, Section A.
Feb. 15, 1933.

Douglas & Spiller, of Lubbock, and Hampden Spiller, of Fort Worth, for plaintiff in error.

R. A. Baldwin, of Slaton, for defendant in error.

SHARP, Judge.

Mrs. Lorine M. Alexander sued the American Central Life Insurance Company on a life insurance policy issued by that company upon the life of her husband, Chester Lloyd Alexander, for $1,000 face of the policy, $1,-

000 under the double indemnity clause contained therein, interest, 12 per cent. penalty, and reasonable attorney's fees.

The defendant denied its liability on the following grounds: (1) That the insured committed suicide; and (2) that the insured in his signed application made misrepresentations in answer to certain questions asked. The trial court sustained special exceptions to the second ground, and defendant having declined to amend its pleadings, the court proceeded to trial upon the issues raised by the pleadings. The case was submitted to the jury upon special issues, and the jury found that the insured did not intentionally kill himself and that $750 was a reasonable attorney's fee. Judgment was entered in favor of the plaintiff for $3,067. From this judgment an appeal was made to the Court of Civil Appeals and the judgment of the trial court was affirmed. 39 S.W.(2d) 86.

It is contended that the Court of Civil Appeals erred in holding that defendant's answer was insufficient to present a defense of misrepresentations in the application for the policy of insurance signed by the insured, in that the answer did not allege that the misrepresentations were intentionally made by the insured for the purpose of misleading the insurance company and inducing it to issue the policy sued on.

The parts of the answer pertinent to the issues presented read as follows:

"5. The defendant would show that it is not liable on said policy because of the following facts: Prior to the issuance of the same the said Chester Lloyd Alexander submitted to the plaintiff, through its duly authorized agent, G. W. Bounds, an application for the issuance of the policy sued upon, which application was duly signed by the said Alexander, and among other things contained the following:

" 'Declarations of Applicant in Lieu of Medical Examination:

" 'In continuation of and forming a part of my application to the American Central Life Insurance Company, I declare that the statements and answers herein are complete and true without exception. * * *

" '19. (a) To what extent do you use alcoholic beverages?

" 'None.

" 'Have you ever used them to intoxication? No.'

"6. That the said application containing the above language and representations by the said Alexander was presented to the defendant herein and was the basis of the issuance of the policy to the said Alexander, and that the declarations hereinabove quoted and alleged were believed by the defendant herein and relied upon by it in the issuance of said policy; the defendant would show that said answers are false, and especially the answer to the question 'To what extent do you use alcoholic beverages?'; for the reason that the said Alexander for a long time prior to and after the making of said representations did use alcoholic beverages, and the answer to said question 'none' was false; and the defendant further says that the said Alexander for a long time prior to and after the making of said representations habitually used alcoholic beverages and that he was often under the influence of alcoholic beverages and drinks and was often intoxicated before and after the making of said representations, and that his answer to the question, 'Have you ever used them to intoxication?' was false and untrue.

"7. The defendant would show that had the said Alexander not answered said questions falsely, but had truly stated the facts in answer thereto, the defendant would not have issued the said policy to him, and the defendant says that the aforesaid misrepresentations in the said application were of a material fact which affected the risk assumed by the defendant herein. In this connection the defendant would show that the said policy was a policy of life insurance and it contained a provision which was as follows: 'Incontestability. After this policy shall have been in force during the lifetime of the insured for two years from its date, it shall be incontestable except for non-payment of premium,' and that the said Chester Lloyd Alexander killed himself within the first year after said policy was issued and within the contestable period under the terms of the same, and that the defendant is not liable for any amount under the same except the first year's premium which has heretofore been tendered to the Beneficiary under said policy as hereinabove alleged."

The plaintiff, in addition to a general demurrer, directed many special exceptions to defendant's answer. Those pertinent to the issues presented are as follows:

(1) That no date or place is alleged when insured was supposed to be intoxicated and the allegations are insufficient to apprise the plaintiff of the testimony that she will be required to meet.

(2) Because no fact is alleged showing that such representation, if made, actually contributed to bring about the event that matured said policy.

(3) Because no fact is alleged showing that such representation, if made, was a warranty, or that it was made fraudulently with intent on part of the insured to deceive the defendant.

(4) Because the allegations to the effect that the alleged misrepresentations were material and affected the risk were insufficient, in that

no facts are alleged showing how or in what way the answers of the insured were material or affected the risk.

(5) Said allegations do not plead facts but conclusions.

The trial court sustained, among others, the foregoing special exceptions, and defendant having failed to amend its pleadings, the case proceeded to trial upon the pleadings against which special exceptions had not been sustained.

■ Certain fundamental rules defining the burdens placed upon the insured and insurer with respect to life insurance policies are well established. The law places the burden upon the insured of alleging and proving a compliance with all the conditions precedent provided for in the policy on which the right of recovery rests before a recovery can be had thereon. Cooley's Briefs on Insurance, vol. 3, p. 1964.

The statutes of this state provide what provisions the policies shall contain and what provisions they shall not contain. Articles 4732 and 4733, R. S. 1925.

Subdivision 4 of article 4732 reads as follows: "That all statements made by the insured shall, in the absence of fraud be deemed representations and not warranties."

■ The great weight of authority sustains the rule that under the provisions of these statutes a misrepresentation, or breach of warranty, by the insured, to avoid the policy, must be willful, or made fraudulently with intent to deceive. Cooley's Briefs on Insurance, vol. 3, p. 1988.

■ Likewise, the authorities hold that to be available as a defense to the policy, a breach of warranty or misrepresentation must be specially pleaded by the insurer. Cooley's Briefs on Insurance, vol. 3, p. 1966; 33 C. J. pp. 88 and 89, § 802.

It is a settled rule in this state that false statements to avoid a policy must have been willful and made with a design to deceive or defraud. Westchester Fire Insurance Co. v. Wagner, 24 Tex. Civ. App. 140, 57 S. W. 876 (writ denied).

Article 5043, R. S. 1925 reads: "Any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case."

■ Where the insurer, in order to avoid the policy, contends that the insured failed to disclose certain facts deemed material to the risk, the burden rests upon the insurer to allege and prove the facts sustaining this contention. Furthermore, if the evidence raises the question, it becomes an issue of fact to be determined as to whether or not the misrepresentations in the application for insurance, pleaded by the insurer as a defense against liability upon the policy, were material to the risk, or were made with intent to deceive. If it is determined that the misrepresentations made by the insured do not relate to a matter or thing material to the risk, or which contributed to the maturity of the policy, the question of intent of the insured in making them is immaterial. Southland Life Insurance Co. v. Norton (Tex. Civ. App.) 297 S. W. 1083; Id. (Tex. Com. App.) 5 S.W. (2d) 767.

■■ It is also true that if the misrepresentations made by the insured were not intentionally made for the purpose of deceiving the company in obtaining the policy, such misrepresentations offer no legal defense upon the ground of fraud. It is not alleged in the answer of the insurance company to avoid the policy that the misrepresentations contained in the insured's answers were intentionally made for the purpose of misleading the insurance company and inducing it to issue the policy in question. Therefore, it appearing from this record that the foregoing defensive matters not being properly pleaded, the answer failed to meet the burden imposed by law upon the insurer. The special exceptions specifically pointed out those defects and the trial court correctly sustained them. The insurance company, having failed to amend its pleadings to cure the defects pointed out and sustained by the trial court, is not now in position to complain of the action of the trial court in not submitting issues not raised by the pleadings.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

The judgments of the district court and of the Court of Civil Appeals are affirmed, as recommended by the Commission of Appeals.