## FIREMAN'S FUND INS. CO. v. REYNOLDS.

### No. 1620.

Court of Civil Appeals of Texas. Waco.

June 27, 1935.

Rehearing Denied Sept. 19, 1935.

Jos. W. Hale, of Waco, for appellant.

F. M. Fitzpatrick, of Waco, for appellee.

GALLAGHER, Chief Justice.

Appellee, Mrs. Lorene Reynolds, owned a house and lot in an addition to Waco. Appellant issued its policy insuring her against direct loss or damage to said house from fire, subject to certain stipulations contained in such policy, which stipulations will be recited in connection with our discussion of appellant's contentions based thereon. Appellee occupied the premises for a time as a home. She then removed to San Antonio. Immediately after her removal from the house it was occupied by a tenant named Stapp. He vacated the same on March 3 or 4, 1933. Appellee, on learning that the house was vacant, wrote her brother in Waco, W. H. Hunt, to go to the agency which issued the policy and get a vacancy permit. He, on March 17, 1933, went to the office of the agent, stated that the house had been vacant for more than ten days, and requested and received a permit for the same to remain vacant for sixty days thereafter, during which period the liability of appellant in case of loss was to be only two-thirds of the amount stipulated in the face of the policy. He sent said permit to appellee in San Antonio, and she placed the same with the policy.

Appellee, on leaving for San Antonio, authorized her father, S. P. Hunt, who lived next door to the house, and her brother, W. H. Hunt, who lived elsewhere in Waco, to look after the same. Soon after the tenant Stapp vacated the house, some slight injury was done thereto by

prowlers. For the purpose of preventing further depredation, appellee's father requested another son, Guy Hunt, to sleep in the house at night. Guy Hunt thereupon, on March 17, 1933, moved into the front room of said house, taking with him a bed, mattress, quilts, washstand, chair, and lamp, and with the exception of an occasional overnight visit with some friend, not at any time oftener than once a week, occupied said room and slept therein each night from the date aforesaid to June 2, 1933, when he vacated said house and a tenant named Adams moved into the same. Adams occupied said house until the 28th or 29th day of said month, when he vacated the same. Within a few hours after he left the house it was totally destroyed by fire. Appellee presented proofs of loss, upon consideration of which appellant demanded the privilege of examining the insured under oath. Appellee came to Waco and submitted to such examination. Shortly thereafter defendant expressly denied liability and appellee instituted this suit.

The case was tried by the court without the intervention of a jury and judgment rendered against appellant for $1,200, the full amount stipulated in the policy, with legal interest thereon. The court, at the request of appellant, filed findings of fact and conclusions of law. Appellant also had a full transcript of the evidence introduced at the trial prepared, signed by counsel, approved by the court, filed and transmitted as a part of the record in the cause.

#### Opinion.

■ Appellant contends that the policy sued on became, by its own terms, void, because the insured house became vacant and unoccupied on March 4, 1933, and so remained for more than ten days, and that its right to assert the invalidity thereof as a defense to this suit had not been waived. Said policy contained a provision, in substance, that unless otherwise provided by agreement indorsed thereon or added thereto, it should become void if the insured property was a dwelling and should be or become vacant for a period exceeding ten days or unoccupied for a period exceeding thirty days. It is conceded that said house became vacant and unoccupied and so remained for more than ten days prior to March 17, 1933. On that day appellee's brother, W. H. Hunt, acting for her and at her request, appeared in person at the office of appellant's agent and re-

quested the issuance of a vacancy permit. He stated in connection with such request that the house was vacant and unoccupied and had been in such condition for more than ten days. Appellant's agent was absent from his office at the time and same was in charge of Mrs. Ewing, his assistant and clerk. She had express authority from him to issue vacancy permits, by the terms of which only two-thirds of the stipulated insurance should be paid in event of loss during such vacancy. Such permits did not require the payment of any additional premium and were apparently issued on request as a matter of course. Mrs. Ewing, acting for appellant, issued such a permit, authorizing the house to remain vacant or unoccupied for a period of sixty days from the date thereof. She signed the name of appellant's agent to such permit on the typewriter and delivered the same to said Hunt, who forwarded the same to appellee. Appellee received said permit, placed it with her policy, and relied thereon. Appellant's agent made a notation of the issuance of said permit on his daily report at the time, or caused the same to be done. He testified that he had a copy of said report in his office at the time of the trial. Appellant does not deny that its agent who issued the policy had authority to waive the technical forfeiture thereof on account of the prior vacancy and nonoccupancy, from which no injury or loss had at that time been sustained, nor that had such permit been issued by him in person, the issuance thereof would have constituted such recognition of the continued validity of the policy as to amount to a waiver of its right to avoid the same on account of such prior vacancy. See in this connection Home Ins. Co. v. Shepherd (Tex. Civ. App.) 63 S.W.(2d) 758, 760, par. 1 (writ refused); Springfield Fire & Marine Ins. Co. v. Brown (Tex. Civ. App.) 13 S.W. (2d) 916, 917, pars. 1 and 2; Austin Fire Ins. Co. v. Polemanakos (Tex. Com. App.) 207 S. W. 922, 925, par. 4. Appellant's specific contention is that the issuance of said permit did not constitute a waiver of the prior unauthorized vacancy because the same was issued by an assistant or clerk in the office of its agent and not by the agent himself. A phase of appellant's contention was considered by this court in the case of London & Lancashire Insurance Co., Ltd., v. Higgins, 68 S.W.(2d) 1056, 1059, pars. 9 to 11, inclusive. We quote therefrom as follows: "We may safely as-

sert as a matter of common knowledge that a large part of the actual business of many insurance agencies was then and is now transacted by clerks and other employees. The authorities in this state hold that in agencies so conducted, the action of such clerks or employees in the usual course of the business of the agency and with the approval, express or implied, of the regularly constituted agent, is in legal effect the act of the agent himself. Phoenix Ins. Co. v. Ward, 7 Tex. Civ. App. 13, 26 S. W. 763, 764 (writ refused), and authorities there cited; Connecticut Fire Ins. Co. v. Fields (Tex. Civ. App.) 236 S. W. 790, 793, par. 4; Austin Fire Ins. Co. v. Brown (Tex. Civ. App.) 160 S. W. 973, 974, par. 3; Hartford Fire Ins. Co. v. Josey, 6 Tex. Civ. App. 290, 25 S. W. 685, par. 2; German Ins. Co. v. Everett (Tex. Civ. App.) 36 S. W. 125, 127 (1st column); Camden Fire Ins. Ass'n v. Wandell (Tex. Civ. App.) 195 S. W. 289, 290, par. 1, and authorities there cited.. The rule is stated in 26 C. J. p. 42, § 31, as follows: 'And a person empowered by an authorized agent to represent him in negotiations for insurance has the same power to bind insurer as has the agent.' See, also, Southern Mutual Fire Ins. Co. v. Mazoch Bros. (Tex. Civ. App.) 291 S. W. 257, 258, 259, pars. 1 and 2 (writ dismissed); Zurich General Accident & Liability Ins. Co. v. Fort Worth Laundry Co. (Tex. Civ. App.) 58 S.W.(2d) 1058, 1060, pars. 2 and 3, and authorities there cited; Universal Automobile Ins. Co. v. Hallinan (Tex. Civ. App.) 54 S.W.(2d) 199, 200, par. 1; American National Ins. Co. v. Park (Tex. Civ. App.) 55 S.W.(2d) 1088, 1091, par. 5; Royal Indemnity Co. v. Hook, 155 Va. 956, 157 S. E. 414, 417, par. 5, and authorities there cited; Pennsylvania Company v. Home Life Ins. Co. of America, 295 Pa. 286, 145 A. 286, 287, par. 3; 5 Cooley's Briefs on Insurance, pp. 4049 et seq.; 32 C. J. p. 1068, § 146." See further in this connection Barone v. Aetna Life Ins. Co., 260 N. Y. 410, 183 N. E. 900, 902, pars. 3 to 5, inclusive; Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881, 882, 883, pars. 2 to 5, inclusive; Bennett v. Standard Accident Ins. Co. (Mo. App.) 264 S. W. 27, 30, par. 6; Smith v. North British & Mercantile Ins. Co., 214 Mo. App. 539, 263 S. W. 1031, 1033, pars. 1 and 2. Since the testimony in this case shows affirmatively that Mrs. Ewing, who issued the vacancy permit, was the assistant or clerk of appellant's duly authorized agent who issued the policy, and had express authority from him to issue such permit, and since the testimony further shows that an entry of such issuance was made and preserved in the records of the agency, both affirmative authority for such action and tacit approval thereof were shown and such issuance constituted a waiver of the prior unauthorized vacancy.

■ Appellant contends that the undisputed evidence shows that the insured building was vacant and unoccupied on the 17th day of May, 1933, the date when the vacancy permit hereinbefore discussed by its own terms expired, and that it so remained for a period of more than ten days, in violation of the requirements of the policy, and that the finding of the court that such building was not, after March 17, 1933, and before the fire which destroyed the same, vacant for a period of ten days nor unoccupied for a period of thirty days, in violation of the terms of the policy, was without support in the evidence. The facts on which appellee bases her claim of continued occupancy of the house from March 17, 1933, until the same was occupied by her tenant Adams have been hereinbefore briefly recited. Such recital is supported by the affirmative testimony of Guy Hunt and corroborated by the testimony of W. H. Hunt. The findings of the court are in accord with and supported by such testimony. Appellee's said contentions are therefore overruled.

■ Appellant contends in the alternative that if the insured building was in fact neither vacant nor unoccupied after March 17, 1933, as recited in the finding of the court above referred to, that appellee swore falsely in her oral examination required by it in connection with her proof of loss, and that such false swearing, under the terms of the policy, rendered the same void and insufficient to support a recovery. The policy sued on contained a provision requiring appellee to submit to examination under oath by any person named by appellant, and a further provision that the entire policy should be void in case of fraud or false swearing by the insured touching any matter relating to such insurance or the subject thereof. Appellee came from San Antonio to Waco at the demand of appellant to be examined on oath concerning her loss. She stated on such examination, in response to a question propounded by appellant's repre-

sentative, that her said house became vacant on March 4, 1933, and remained in that condition until June 2, 1933. Appellee in the course of said examination stated specifically that she resided in San Antonio during the entire time inquired about, and that her statements were based on information received from others. There is nothing to indicate that the occupancy of the house by her brother Guy during such period had been disclosed to her, nor that she knew or had been advised that said house was not, in a legal sense, vacant nor unoccupied while he kept the enumerated articles of furniture therein and slept there at night. Said statement was palpably contrary to her interest and could not therefore be reasonably considered to have been knowingly or fraudulently made. The trial court found specifically that appellee on such examination answered under oath all questions pertaining to matters of which she had knowledge, fairly, frankly, and honestly. The court, in his conclusions of law, exonerated appellee from any charge of fraud or false swearing and from having made any material misrepresentations calculated to mislead appellant or cause it to waive or lose any valid defense to appellee's claim. Article 5046 of our Revised Statutes provides specifically that no misrepresentation or false statement in proofs of loss shall constitute any defense to a suit upon an insurance policy unless it be shown on the trial that such false statement was fraudulently made and misrepresented a fact material to liability and that the insurer was thereby misled and caused to waive or lose some valid defense. The examination of appellee in this case was within such provision of the statute. The false statement relied on to work a forfeiture of the rights of the insured under a policy must have been willfully made and must not have resulted from inadvertence or mistake. Lion Fire Ins. Co. v. Starr, 71 Tex. 733, par. 4, 12 S. W. 45; Phoenix Ins. Co. v. Swann (Tex. Civ. App.) 41 S. W. 519, pars. 1, 3 and 4. Our courts have uniformly required an insurer seeking to defeat liability on the ground of fraud and false swearing to fully meet the requirements of the article above quoted. Fidelity-Phenix Fire Ins. Co. v. Sadau (Tex. Civ. App.) 167 S. W. 334, 335, pars. 1 and 2; Camden Fire Ins. Ass'n v. Puett (Tex. Civ. App.) 164 S. W. 418, 419, par. 2; Phoenix Ins. Co. v. Shearman, 17 Tex. Civ. App.

456, 43 S. W. 930, par. 5 (writ refused [Tex. Civ. App.] 43 S. W. 1063); Westchester Fire Ins. Co. v. Wagner, 24 Tex. Civ. App. 140, 57 S. W. 876, par. 3 (writ refused). Appellant has failed to do so.

■ Appellant contends that the court erred in failing to comply with its request for additional and more specific findings of fact. After the court had filed findings of fact and conclusions of law, appellant filed in the cause written objections and exceptions thereto and included in said instrument requests for more specific findings on certain issues. There is nothing in the transcript to show that said instrument was ever called to the attention of the court nor that appellant ever excepted to the failure of the court to respond to such request. In the absence of a proper bill of exception, the failure of the court to file further findings cannot be reviewed. Trippett v. Nash–McLarty Motor Co. (Tex. Civ. App.) 269 S. W. 205, 206, par. 1, and authorities there cited; Sutton County v. Security Trust Co. (Tex. Civ. App.) 61 S.W.(2d) 862, par. 1 (writ refused); Comer v. Farrell (Tex. Civ. App.) 45 S.W.(2d) 432, par. 1; Millard v. Miksch (Tex. Civ. App.) 42 S.W.(2d) 832; Wichita Valley R. Co. v. Davis (Tex. Civ. App.) 275 S. W. 169, 170, par. 1.

The judgment of the trial court is affirmed.