SOUTH TEXAS LIFE INS. CO. v. DANHAUS et al.

No. 11264.

Court of Civil Appeals of Texas. Galveston.

Oct. 16, 1941.

See, also, Tex.Civ.App., 146 S.W.2d 1098.

C. C. Jopling, of LaGrange, for appellant.

Richard Spinn and Odis Tomachefsky, both of Brenham, for appellees.

CODY, Justice.

This is a suit on a life insurance policy, which was issued by appellant on the life of Theresia Kellner, January 1, 1939, and was brought by Rosa Danhaus, the daughter of the insured, and the beneficiary under the policy, being joined in the suit by her husband. The application for the policy was signed by the beneficiary on December 15, 1938. The proof of death furnished on behalf of the beneficiary showed that the insured died on May 2, 1939, and that the principal cause of death was tuberculosis of the throat and larynx. The issue on the trial was whether the insured was in good health on January 1, 1939, the date of the policy, or was then suffering from tuberculosis. The case was tried by the court without a jury, and the court rendered judgment in favor of the beneficiary.

It is well settled that: "Where the insurer, in order to avoid the policy, contends that the insured failed to disclose certain facts, deemed material to the risk, the burden rests upon the insurer to allege and prove the facts sustaining this contention." American Central Life Ins. Co. v. Alexander, Tex.ComApp., 56 S.W.2d 864, 866. The court made the finding in its judgment that the insured, Theresia Kellner, at the time of the making of the application and at the time of the delivery and execution of the policy, was in good health. There was, we believe, ample evidence to support the court's determination of this issue in favor of appellees. It is true that the evidence to the effect that the insured was in good health was given by the beneficiary, and by a son of the insured; and the opinion introduced in evidence to the effect that the insured must have had tuberculosis on January 1, 1939, when the policy was delivered, was that of a doctor. There was also expert medical testimony, however, in answer to a hypothetical question from which the court could reasonably conclude that the insured never had tuberculosis at all. "It is the established law in this state that where a case has been tried without a jury and there was ample evidence in the record to support the findings of the trial court, such findings have the same force and effect as a verdict of the jury on the facts found, and a reviewing court must affirm the trial court's judgment in the absence of other substantial error." Carpenters and Joiners Union of America v. Ritter's Cafe, Tex.Civ.App., 149 S.W.2d 694, 697.

Reversible error not being here shown, the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.