**UNITED STATES FIRE INSURANCE COMPANY and the Home Indemnity Company, Inc., Appellants,**

v.

**Frank SKATELL, Appellee.**

No. 8715.

Court of Civil Appeals of Texas, Texarkana.

Jan. 22, 1980.

Rehearing Denied Feb. 26, 1980.

Tom Alexander, Byron G. Lee, Butler, Binion, Rice, Cook & Knapp, Houston, for appellants.

Ralph Balasco, Houston, for appellee.

CORNELIUS, Chief Justice.

Frank Skatell brought this action to collect insurance benefits under two insurance policies issued by U. S. Fire Insurance Company and The Home Indemnity Company, Inc. covering certain pieces of jewelry which were allegedly stolen from his home on the night of December 15, 1973. On March 20, 1974, in the course of their investigation of the loss, the insurance companies orally examined Mr. Skatell under oath, during which examination he denied having any previous criminal record. On May 23, 1974, Mr. Skatell was again orally examined and at that time he admitted that he did have a criminal record consisting of several offenses of fraud, hot checks and theft by false pretenses. Thereafter the insurance companies denied Mr. Skatell's claim on the ground that the policies had been voided because of his false statements. Each policy contained a clause which provided as follows:

"1. Misrepresentation and Fraud. This entire policy shall be void if, whether before or after a loss, the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the Insured therein, or in case of any fraud or false swearing by the Insured relating thereto."

Trial was to a jury which found that the jewelry had been stolen as alleged and that its actual cash value was $56,200.00, but that Mr. Skatell had concealed the fact of his criminal record and that such concealment was material to the risk. The trial court disregarded the jury findings of concealment and materiality and rendered judgment for Mr. Skatell against each company for $28,100.00, plus interest from May 28, 1974, to the date of judgment. The basis of the court's disregard of the jury issues was that the insurance companies did not allege or present any evidence that the false statements were of the nature required by Tex.Ins.Code Ann. art. 21.19 in order to void a policy. Article 21.19 provides as follows:

"Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the same shall be void or voidable, if any misrepresentations or false statements be made in proofs of loss or of death, as the case may be, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract or policy, unless it be shown upon the trial of such suit that the false statement made in such proofs of loss or death was fraudulently made and misrepresented a fact material to the question of the liability of the insurance company upon the contract of insurance sued on, and that the insurance company was thereby misled and caused to waive or lose some valid defense to the policy."

The companies bring this appeal complaining principally of the failure of the trial court to render judgment in their favor based upon the jury findings of misrepresentation and materiality. We have con-

cluded that the trial court correctly disregarded those issues. The insurance companies were attempting to invoke a policy provision which would relieve them of liability, and therefore they had the burden to plead and prove both that misrepresentations such as those contemplated by the policy provisions were made *and* those misrepresentations met the requirements of the anti-technicality statute. *Fireman's Fund Ins. Co. v. Reynolds*, 85 S.W.2d 826 (Tex. Civ.App. Waco 1935, writ ref'd); *Fidelity-Phenix Fire Ins. Co. v. Sadau*, 167 S.W. 334 (Tex.Civ.App. Amarillo 1914, no writ). There was no allegation or proof in this case that the false statements were fraudulently made, were material to the issue of liability, or caused the insurers to waive or lose any valid defense to the policies.

■ The companies argue, however, that the restrictions of Article 21.19 do not apply to Mr. Skatell's statements because those statements were made upon oral examination rather than in the proofs of loss which Article 21.19 specifically mentions. We disagree. The examination under oath, although not a formal proof of loss, nevertheless is an elaboration upon and partakes of the nature of a proof of loss, and therefore comes within the statute even though not specifically mentioned. *Fireman's Fund Ins. Co. v. Reynolds*, supra; *Vernon v. Aetna Insurance Company*, 301 F.2d 86 (5th Cir.), *cert. denied*, 371 U.S. 819, 83 S.Ct. 33, 9 L.Ed.2d 59 (1962). For an analogous conclusion concerning Article 21.16 relating the misstatements in an application for insurance, see *Bowie v. Ranger Insurance Company*, 563 S.W.2d 394 (Tex.Civ.App. Eastland 1978), *rev'd on other grounds*, 574 S.W.2d 540 (Tex.1979). As noted in *Vernon v. Aetna Insurance Company*, supra, if false statements in the more formal proof of loss will not void the policy unless they are fraudulent, material and harmful to the insurer, certainly the intent of the statute is that false statements of lesser consequence should not be allowed to void a policy unless they, too, meet such requirements.

■ The next group of points contends that the trial court erred in failing to submit certain requested special issues inquiring (1) whether Mr. Skatell concealed or misrepresented any fact material to the risk when applying for the insurance; (2) whether he misrepresented any material fact after the loss; (3) whether he failed to produce any invoices, purchase slips or other records concerning the lost property; and (4) whether the misstatements materially interfered with the investigation of the loss.

The requested issues were properly refused. The first should not have been submitted because there was no allegation or evidence that any misrepresentation was made in the *application* for Mr. Skatell's insurance. The second and third requested issues were adequately submitted by Special Issue No. 4 which the court gave, and the last requested issue was correctly refused because there was no pleading or evidence to support its submission.

■ It is also asserted that the companies' objections to the court's charge should have been sustained because the charge failed to inquire of the jury whether Mr. Skatell was the named insured in the policies and whether he owned or controlled each piece of the jewelry at the time of the loss. The contention will be overruled. The insurance policies themselves named Mr. Skatell as the named insured, and those policies were introduced in evidence. No contrary evidence was presented. Since it was not disputed there was no need to submit an issue thereon. *Sullivan v. Barnett*, 471 S.W.2d 39 (Tex.1971). As for the ownership or control of the jewelry, Mrs. Skatell [1] testified repeatedly about the purchase of "their" jewelry, the insuring of it, and the loss of it in the burglary, plus the fact that each item lost was taken from "their house." Such testimony was sufficient to constitute some evidence of ownership and control. Although the testimony

---

1. Mr. Skatell did not appear at the trial. Portions of his deposition testimony were introduced into evidence.

was from an interested party, it was clear, positive, and free of circumstances tending to discredit or impeach it, and being uncontradicted was sufficient to establish the fact of ownership and control without the necessity of submitting an issue thereon. *McGuire v. City of Dallas*, 141 Tex. 170, 170 S.W.2d 722 (1943); *Texas & Pacific Railway Company v. Moore*, 329 S.W.2d 293 (Tex. Civ.App. El Paso 1959, writ ref'd n. r. e.).

■ Point of Error No. 11 urges that reversible error was committed when the trial court admitted into evidence Mr. Skatell's Exhibit No. 1 which was a police report of the theft investigation. After lengthy objections and arguments, the court excluded everything in the police report except the fact that Mr. and Mrs. Skatell had reported a theft, and those matters which the investigating police officers had personally found and reported in their investigation. The trial judge then carefully instructed the jury and allowed only the admitted portions of the report to be read to the jury.

We perceive no error with reference to the exhibit. The fact that the Skatells reported the theft of their jewelry was admissible, not for the truth of their statement, but to show that they had made such a report, an operative fact in itself because the credibility of their testimony that a theft had occurred had been attacked. The other portion of the exhibit, being the report by the investigating officers of what they actually found, as distinguished from what others had said or done, was shown to meet the requirements of the business records act, Tex.Rev.Civ.Stat.Ann. art. 3737e (Supp.1978–1979), and was therefore admissible.

■ The appeal also attacks the judgment on the ground that the values of the individual pieces of jewelry were not established, particularly items 3, 4 and 8. We find the evidence sufficient to support the jury's findings of value. Mr. Levit, a jeweler who sold most of the items to the Skatells, testified that he appraised each item of such jewelry on behalf of Mr. and Mrs. Skatell in July of 1973 for insurance pur-

poses, and he recited those values into the record. He further testified to the changes in the value of each item which had occurred between the date of the appraisal and the date of the loss, and the values found by the jury were consistent with those values. There was no other testimony as to value. The main thrust of the companies' complaint in this regard is that as to items 3, 4 and 8 Mr. Levit said he had no independent recollection of the pieces or of their value apart from the appraisal, but that based on the appraisal he could say what the values would be at the time of loss. That testimony was not improper. Mr. Levit testified that he made the appraisal from personal knowledge and examination of the jewelry in July of 1973 and at that time he made an accurate record or memorandum thereof. Although having no independent recollection of the value of the particular items, having testified that when the event was fresh he made a memorandum thereof and being able to guarantee its correctness, his testimony of the facts shown in the memorandum was admissible under the rule of past recollection. *Decker v. Commercial Credit Equipment Corp.*, 540 S.W.2d 846 (Tex.Civ.App. Texarkana 1976, no writ); 1 McCormick & Ray, Texas Evidence § 541, p. 438; § 542, p. 439; § 544, p. 441; § 547, p. 443 (2d ed. 1956).

In Point 14 it is urged that the trial court erred in refusing to admit the testimony of the witness Pat Carr, a former F.B.I. officer, about his review of the F.B.I. files concerning the investigation of the theft. The point will be overruled. Although the court initially sustained an objection to Mr. Carr's testimony regarding his review of the F.B.I. files, the evidence eventually came in, and we cannot perceive any harm which resulted to the insurance companies. Tex.R.Civ.P. 434.

Points 15 and 16 complain of prejudicial remarks of the trial judge during the arguments concerning Mr. Carr's testimony and the judge's reversal of his decision to grant a mistrial. We find that the remarks of the trial judge were invited by counsel. As for the reversal of a decision to grant a mis-

trial, it appears that when counsel first requested a mistrial the judge stated that one would be granted if either party desired it, but after reflection and upon hearing the reasons for counsel's motion (which had not been stated theretofore), the court determined that a mistrial was not warranted. We agree with the trial court's ultimate conclusion, and under the circumstances, we cannot conclude that any harm was done.

The last contention on appeal is that prejudgment interest on the amount of the claim should not have been allowed. The trial court allowed interest on the recovery at 6% per annum from May 28, 1974, which was the date the insurance companies denied Mr. Skatell's claim. The companies argue that such an award of prejudgment interest was improper, because they were only liable to Mr. Skatell for the actual cash value of the jewelry, and such value could not be determined until the trial. We disagree. The rule is that interest runs from the date when the loss should have been paid. Where the insurer denies liability, and the insured establishes liability, interest will run from the date of the denial of the claim, even though the actual value of the lost property is not established until the trial. *Miles v. Royal Indemnity Co.*, 589 S.W.2d 725 (Tex.Civ.App. Corpus Christi 1979, writ filed); *Fidelity & Casualty Co. of N.Y. v. Jefferies*, 545 S.W.2d 881 (Tex.Civ. App. Tyler 1976, writ ref'd n. r. e.); *New York Underwriters Ins. Co. v. Coffman*, 540 S.W.2d 445 (Tex.Civ.App. Fort Worth 1976, writ ref'd n. r. e.); *Fort Worth Lloyds v. Hale*, 405 S.W.2d 639 (Tex.Civ.App. Amarillo 1966, writ ref'd n. r. e.).

All other points of error have been carefully considered and are respectfully overruled.

The judgment of the trial court is affirmed.