DELTA LLOYDS INSURANCE
COMPANY, Appellant,

v.

Jimmy WILLIAMSON D/B/A William-
son Air Conditioning, Appellee.

No. 09 86 004 CV.

Court of Appeals of Texas,
Beaumont.

Nov. 6, 1986.

Wayne Adams, Lorance & Thompson,
Houston, for appellant.

Richard C. Hile, Tonahill, Hile & Leister,
Jasper, for appellee.

## OPINION

BURGESS, Justice.

This is a suit on a fire insurance policy. Jimmy Williamson d/b/a Williamson Air Conditioning was the named insured on a Texas Multi-Peril Policy which insured a building and personal property. The policy was issued in the amount of $60,000 on the building and $60,000 on the contents. It contained this standard provision:

This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, . . .

The first day the policy became effective, a fire totally destroyed the building and its contents. Williamson submitted a proof of loss alleging the building and its contents were valued at $140,000. Delta Lloyds refused to pay the claim and Williamson filed suit for the $120,000 policy limits, attorneys fees and pre-judgment interest. Delta Lloyds defended that the policy was void because Williamson had directly or indirectly caused the loss to occur and willfully misrepresented a material fact, i.e., the value of the inventory.

The jury found that Williamson had not knowingly or intentionally caused the property to be burned. They also found, however, that the inventory's true value at the time of the loss was $10,000, that Williamson willfully misrepresented its worth to Delta Lloyds, and that he had no interest in the inventory. They assessed reasonable and necessary attorneys fees at $10,000.

Both sides moved for judgment on the verdict. The trial court entered judgment for Williamson in the amount of $60,000, plus attorneys fees of $10,000 and pre-judgment interest.

Delta Lloyds appeals alleging the trial court erred in entering a judgment that does not conform to the verdict. It bases its argument on the premise that the jury's finding of the willful misrepresentation voids the entire policy under the previously noted provision. Williamson counters by arguing that appellant's failure to prove the materiality of the intentional overvaluation disallows that result. We agree with Williamson.

Pursuant to the provisions of TEX.INS. CODE ANN. sec. 21.19, (Vernon Supp. 1986), before Delta Lloyds can void Williamson's policy under the provision at issue, it must prove not only that his misrepresentation of loss was material to its liability under the policy, but also that it was misled by that overvaluation and waived or lost a valid defense as a result. *Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187 (5th Cir.1983); *United States Fire Insurance Co. v. Skatell*, 596 S.W.2d 166 (Tex. Civ.App.—Texarkana 1980, writ ref'd n.r. e.); *Fireman's Fund Insurance Co. v. Reynolds*, 85 S.W.2d 826 (Tex.Civ.App.—Waco 1935, writ ref'd) (ruling on section 21.19's predecessor statute); *Accord, Westchester Fire Ins. Co. v. English*, 543 S.W.2d 407, 413 (Tex.Civ.App.—Waco 1976, no writ).

■ A specific jury finding of materiality is not always required. Some misrepresentations are material as a matter of law, e.g., *Lee v. National Life Assur. Co.*, 632 F.2d 524 (5th Cir.1980). Materiality can be established indirectly by other jury findings, e.g., *Allen v. American National Insurance Company*, 380 S.W.2d 604 (Tex. 1964). Neither is the case here. Since there were no findings that Williamson's misrepresentation was material and that Delta Lloyds lost a defense to his claim due to being misled by that overvaluation, the trial court was correct in finding the policy to be in full force and effect.

■ Because the jury found that Williamson had no interest in the inventory, in enforcing the policy the trial judge only allowed recovery for the insured value of the building, plus attorneys fees and pre-judgment interest. We overrule the point of error and affirm the trial court's judgment.