**Felma GALLAGHER, Appellant,**

v.

**FIRE INSURANCE EXCHANGE, Appellee.**

No. 04–95–00761–CV.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1998.

---

Forrest N. Welmaker, Jr., Nolan Welmaker, Welmaker & Welmaker, P.C., San Antonio, for Appellant.

Gregg R. Miller, Law Offices of Hugh McWilliams, San Antonio, John Milano, Jr., Law Office of John Milano, Jr., Dallas, Hugh L. McWilliams, Burns, O'Gorman, McWilliams, Black & Weyand, LLC, San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Felma Gallagher sued Fire Insurance Exchange for breach of contract after it denied her claim for losses she allegedly incurred when her home was burglarized. The case was tried to a jury, which found a theft loss occurred. However, the jury also found Gallagher's replacement cost for the items stolen from her was zero. The trial court rendered a judgment in Gallagher's favor for her court costs.

On appeal, Gallagher contends the trial court erred in refusing to instruct the jury in accordance with article 21.19 of the Texas Insurance Code, which requires an insurer that seeks to void a policy because of an insured's false testimony to prove the false testimony was material and caused the insurer to lose a defense. We affirm, holding the trial court correctly refused the article 21.19 instruction because the trial court did not submit a question regarding the affirmative defense of policy forfeiture by false swearing.

### Factual and Procedural Background

Felma Gallagher filed this suit against Fire Insurance Exchange after FIE denied Gallagher's claim for $25,106.15, which she claimed to be the replacement cost of items allegedly damaged or stolen when her home was burglarized on January 16, 1991. In the letter denying Gallagher's claim, FIE informed Gallagher it was denying the claim because (1) the loss did not occur as she alleged; (2) she misrepresented the extent of the loss, if any, in her proof of loss and sworn statement; and (3) she violated the conditions of her policy by giving false testimony.

The case was tried to a jury. Gallagher asked the trial court to submit a question inquiring whether FIE failed to comply with the terms of the insurance policy. However, the court's charge instead asked in Question 1 whether a theft loss occurred at Gallagher's home during January 1991 as she alleged. If the jury answered this question "yes," it was then instructed to find Gallagher's replacement cost for the items she alleged were stolen from her. In conjunction with this question, Gallagher's attorney asked the trial court to submit the following instruction, which substantially tracks article 21.19 of the Texas Insurance Code:

You are instructed that any provision in any contract or policy of insurance issued or contracted for in this State which provides that the same shall be void or voidable, if any misrepresentations or false statements be made in proofs of loss shall be of no effect and shall not constitute any defense to any suit brought upon such contract or policy, unless it be shown upon the trial of such suit that the false statement made in such proofs of loss was fraudulently made and misrepresented a fact material to the question of the liability of the insurance company upon the contract of insurance sued on, and that the insurance company was thereby misled and caused to waive or lose some valid defense to the policy.

The trial court refused this instruction.

In response to Question 1, the jury found a theft loss occurred in January 1991. However, in response to Question 2, the jury initially answered "0 No compensation is awarded because we believe Felma Gallagher violated the basic condition of her insurance policy, particularly the concealment, fraud portion, thereby voiding any reimbursements." Upon receiving this verdict, the trial court discussed the matter with the attorneys, refused Gallagher's request to supplement the charge with the requested article 21.19 instruction, and instead instructed the jury:

Ladies and gentlemen, in reference to the answers that you have filled in, you have answered Special Issue Number One

yes. If you answer that Number One yes, then you need to go to Special Issue Number Two. That question asks you what sum of money if made now in cash. The finding of misrepresentation, which you have made, will be noted. However, you need to either answer this question in an amount of dollar[s] and cents or zero, whatever you find the value to be. Okay?

The question of misrepresentation and the policy considerations will be considered by the Court, but they are not jury issues. Your issue is the value, just as it is stated in the Charge here, okay?

The jury continued its deliberations and ultimately answered Question 2 "$0." The trial court rendered judgment awarding Gallagher her court costs, which FIE paid in response to a demand by Gallagher's attorney.

Gallagher appealed. In her request for a statement of facts, Gallagher asked the court reporter to prepare and file a statement of facts containing the charge conference, the closing arguments, and the discussion regarding the jury's verdict, as well as the testimony of Philip Jackson, the FIE branch manager who denied Gallagher's claim; Mike Skye, the FIE claims adjuster who processed Gallagher's claim and recommended it be denied; and Felma Gallagher. On January 25, 1996, Gallagher filed her brief contending the trial court reversibly erred in refusing her requested question and instruction. On March 5, 1996, FIE responded on the merits. FIE's brief also contained two counterpoints contending (1) Gallagher is estopped from appealing because she accepted a benefit of the judgment, that is, the award of $1,022.90 in court costs paid at her request by FIE; and (2) she could not show the alleged charge error was harmful because she had not filed a complete statement of facts or limited her appeal under former Rule 53(d) of the Texas Rules of Appellate Procedure.

In response to FIE's first counterpoint, Gallagher's attorney sent FIE's attorney a firm check for Gallagher's court costs. However, FIE's attorney rejected this offer and returned the check. In response to FIE's second counterpoint, Gallagher moved to "amend" the record with the testimony she had directed the court reporter to exclude.

In ruling on Gallagher's motion, this court issued an opinion "declin[ing] to grant supplementation in this case because we find that it would unreasonably delay this appeal" since "[t]he court reporter has indicated that it will take an additional forty-five days to prepare and file the omitted portions of the statement of facts," "appellee has relied on the omission of certain portions of the record in preparing its brief on appeal," and, therefore, "[a]llowing supplementation at this point would require that we grant appellee leave to rebrief if it so desires," which "will cause additional delay." *Gallagher v. Fire Ins. Exch.*, No. 04–95–00761–CV, 1996 WL 230144, at *1 (Tex.App.—San Antonio May 8, 1996) (per curiam) (not designated for publication) (citing *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121 (Tex.1991)).

On September 11, 1996, the appeal was orally argued, and on January 29, 1997, we issued an opinion sustaining Fire Insurance Exchange's second counterpoint and affirming the trial court's judgment because even if we found charge error we would be unable to ascertain whether it was harmful because Gallagher "requested only a partial statement of facts and did not file 'a statement of the points to be relied on,' as required [to limit an appeal] by Rule 53(d), TEX.R.APP. P." *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 379, 380 (Tex.App.—San Antonio), *rev'd*, 950 S.W.2d 370 (Tex.1997) (per curiam). Although this opinion did not reference our opinion on Gallagher's motion to "amend," neither of this court's opinions was designated for publication.

The supreme court reversed, stating "[h]ere, as in *Crown Life*, the court of appeals affirmed the trial court's judgment without finding that supplementation would have caused an unreasonable delay." *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 371 (Tex.1997). The court remanded the case "for consideration of the merits." *Id.* Our previously unpublished opinion on the merits was subsequently ordered published, as was then required by Rule 90(h) of the Texas Rules of Appellate Procedure.

After the supreme court issued its mandate, Gallagher filed a second motion to "amend." However, this court did not re-

ceive the case file from the supreme court until after September 1, 1997, the effective date of the amended Texas Rules of Appellate Procedure. Accordingly, our disposition of Gallagher's motion to "amend" necessarily occurred after that date and is governed by the amended rules. *Supreme Court and Court of Criminal Appeals Final Approval of Revisions to the Texas Rules of Appellate Procedure* para. 5 (Aug. 15, 1997). Therefore, in accordance with the amended rules and in compliance with the court's remand instruction, we grant Gallagher's motion to "amend" the record and order the clerk to file the portions of the record received on August 27, 1997, as of that date. *See* TEX. R.APP. P. 34.6(d).

### ACCEPTANCE-OF-BENEFITS DOCTRINE

In its first counterpoint, FIE argues Gallagher is estopped from appealing because she accepted its payment of her court costs—a benefit she obtained as a result of the judgment she attacks on appeal and a benefit she might lose on retrial. We agree.

The Texas Supreme Court summarized the acceptance-of-benefits doctrine as follows:

> A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. It was announced by this court in the early case of *Matlow v. Cox*, 25 Tex. 578. The rule is based on the principle of estoppel. It, however, is subject to the exception that " * * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, * * *."…. Numerous authorities, approaching the exception from a slightly different angle, define it, in effect, in this language: Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery….
>
> The exception is narrow….

*Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950) (citations omitted).

We believe Gallagher fits within the general rule, not the exception, stated in *Carle*. She accepted a benefit—the payment of her court costs—under the judgment she attacks, and this is not a benefit FIE is bound to concede she is due. *See* TEX.R. CIV. P. 131 ("The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."); TEX.R. CIV. P. 141 ("The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."). However, we have not found any Texas authority applying the acceptance-of-benefits doctrine to the payment of court costs, and the only authority we have found is quite old. *See West v. Broadwell*, 124 Or. 652, 265 P. 783 (1928). Moreover, we do not know if Gallagher's contract with her attorney requires her to pay court costs and, in any event, Gallagher's attorney attempted to disgorge the benefit, albeit after FIE filed its brief. In these circumstances, and particularly in light of the Supreme Court of Texas' remand instruction to consider "the merits of the case," we decline to risk another reversal and remand by dismissing Gallagher's appeal under the acceptance-of-benefits doctrine. We instead proceed to the merits of Gallagher's charge complaints.

### CHARGE ERROR

Gallagher argues the trial court erred in refusing her requested article 21.19 instruction and her question regarding whether FIE failed to comply with the terms of the insurance policy. We disagree.

#### Standard of Review

Charge error is reviewed under an abuse of discretion standard. *Texas Dep't of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). This is a dual standard, and which aspect of the standard applies depends upon the type of issue involved. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). If the ruling resolves an issue of fact, a reviewing court may not reverse unless "the trial court could reasonably have reached only one decision." *Id.* at 840. If, however, the rul-

ing rests upon "determining what the law is or applying the law to the facts," the "trial court has no 'discretion'." *Id.* Accordingly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.; see H.E. Butt Grocery Co. v. Bilotto,* 928 S.W.2d 197, 199 (Tex.App.—San Antonio 1996), *aff'd on other grounds,* 41 Tex. Sup.Ct. J. 1213, 1998 WL 388586 (July 14, 1998); *see also* W. Wendell Hall, *Standards of Review in Texas,* 29 ST. MARY'S L.J. 351, 446–47 (1998); Roger Townsend, *State Standards of Review: Cornerstone of the Appeal, in* 6TH ANNUAL CONFERENCE ON STATE AND FEDERAL APPEALS 1–9, 20 (University of Texas School of Law 1996).

### Requested Instruction Regarding Misrepresentations

In her first point of error, Gallagher contends the trial court erred in refusing to submit her requested instruction tracking article 21.19 of the Texas Insurance Code, which prohibits an insurer from seeking a forfeiture of the policy because of its insured's false testimony unless the insurer also proves the false testimony was intentional, material, and caused the insurer to lose a defense. FIE argues an article 21.19 instruction was not required because the court's charge did not submit a question asking whether Gallagher forfeited her policy by false swearing. We agree with FIE and so hold.

For at least a century, insurance policies have commonly contained forfeiture clauses providing that " '[a]ny fraud, or attempt at fraud, or any false swearing, on the part of the assured, shall cause a forfeiture of all claim under this policy.' " *Lion Fire Ins. Co. v. Starr,* 71 Tex. 733, 12 S.W. 45, 46 (1888). However, these provisions were interpreted at common law to require the insurer to prove "[t]he fraud, or attempt at fraud, or false swearing … [was] willful, and not the result of inadvertence or mistake." *Id.* The forfeiture defense was further limited in 1903 by the Texas Legislature with its enactment of a statute requiring insurers to prove the false statement "misrepresented a fact material to liability and that the insurer was thereby misled and caused to waive or lose

some valid defense." *Fireman's Fund Ins. Co. v. Reynolds,* 85 S.W.2d 826, 829 (Tex.Civ. App.—Waco 1935, writ ref'd) (interpreting article 5046). Today these restrictions on the forfeiture defense continue in article 21.19 of the Texas Insurance Code, and it remains the insurer's burden to plead, prove, and obtain a jury finding encompassing these fact issues to the extent they are disputed. *See Delta Lloyds Ins. Co. v. Williamson,* 720 S.W.2d 232, 233 (Tex.App.—Beaumont 1986, no writ) ("Since there were no findings that Williamson's misrepresentation was material and that Delta Lloyds lost a defense to his claim due to being misled by that overvaluation, the trial court was correct in finding the policy to be in full force and effect."); *United States Fire Ins. Co. v. Skatell,* 596 S.W.2d 166, 169 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.) ("The insurance companies were attempting to invoke a policy provision which would relieve them of liability, and therefore they had the burden to plead and prove both that misrepresentations … were made *and* those misrepresentations met the requirements of the anti-technicality statute."); *Reynolds,* 85 S.W.2d at 829 ("insurer seeking to defeat liability on the ground of fraud and false swearing [must] fully meet the requirements of [article 5046]"); *accord Aetna Cas. & Sur. Co. v. Guynes,* 713 F.2d 1187, 1191 (5th Cir.1983) (applying Texas law) ("Under the statutory scheme, only those falsehoods which are … material, fraudulently made, and which mislead the insurer and cause it to lose some valid defense, if made after the loss occurs, may be made the basis for voiding a policy pursuant to a forfeiture clause."). An instruction tracking article 21.19 is thus generally appropriate when the trial court submits a jury question inquiring whether the insured forfeited the insurance policy by false swearing. *See Delta Lloyds,* 720 S.W.2d at 233; *Skatell,* 596 S.W.2d at 169; *Reynolds,* 85 S.W.2d at 829; *Guynes,* 713 F.2d at 1191; *see also* TEX.R. CIV. P. 277 (trial court's charge "shall submit such instructions … as shall be proper to enable the jury to render a verdict"); *European Crossroads' Shopping Ctr., Ltd. v. Criswell,* 910 S.W.2d 45, 53 (Tex. App.—Dallas 1995, writ denied) ("For an instruction to be proper, it must: (1) assist the

jury; (2) accurately state the law; and (3) find support in the pleadings and evidence.").

FIE pleaded the affirmative defense of forfeiture by false swearing, relying upon a provision in Gallagher's insurance policy similar to those in the cases cited above. However, FIE abandoned this defense before trial, as evidenced by its witnesses' unequivocal testimony that Gallagher's policy was in full force and effect and by its failure to request a forfeiture question. Therefore, the only liability question submitted to the jury was whether a covered event—a loss by theft— occurred during January 1991, as Gallagher alleged. If the jury answered this liability question "yes," it was instructed to find the replacement cost for the property stolen from Gallagher. Moreover, FIE did not argue Gallagher forfeited the policy by false swearing. As a result, the jury did not need and would not have been assisted in answering Question 2 with an article 21.19 instruction—an instruction designed to assist a jury in answering the forfeiture question this jury was not asked, as the trial judge correctly recognized in her supplemental instruction. Accordingly, we hold the trial court correctly refused Gallagher's request for an article 21.19 instruction.

■ Moreover, even if an article 21.19 instruction should have been submitted, we could not conclude the error "probably caused the rendition of an improper judgment" or probably prevented Gallagher from presenting her case to this court. TEX. R.APP. P. 44.1(a). To the contrary, we believe the only conceivable error suggested by the record now on appeal is the trial court's award to Gallagher of her court costs. *See* TEX.R. CIV. P. 131 ("The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."); TEX.R. CIV. P. 141 ("The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."). To put it bluntly, the evidence is almost overwhelming in its support of a take-nothing judgment against Gallagher on her breach of contract claim. We therefore overrule Gallagher's first point of error.

### Requested Question Regarding Breach by FIE

■ In her second point of error, Gallagher contends the trial court erred in submitting Question 1 inquiring whether a loss by theft occurred at her home during the time frame she alleged rather than her proposed question asking whether FIE failed to comply with the terms of the insurance policy. FIE counters Gallagher waived this complaint by failing to obtain a ruling on her requested question and, in any event, the trial court did not err in refusing Gallagher's requested question.

■ Rule 33 of the Texas Rules of Appellate Procedure sets forth the requirements for preserving error. Under Rule 33, error is preserved if:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX.R.APP. P. 33.1(a). Rules 272–74 and 276– 79 of the Texas Rules of Civil Procedure govern the preservation of charge error. Specifically, with respect to questions upon which the complaining party bears the burden of proof, Rule 278 requires the party complaining of the judgment to request submission of the question "in writing" and "in substantially correct wording," TEX.R. CIV. P. 278, and Rule 276 requires the trial judge to note " 'Refused,' and sign the same officially." TEX.R. CIV. P. 276. However, in inter-

preting the charge preservation rules, the focus of our inquiry is "whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. The more specific requirements of the rules should be applied, while they remain, to serve rather than defeat this principle." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992).

The record contains Gallagher's written request for a question inquiring whether FIE failed to comply with the terms of the insurance policy; however, this written request does not indicate the basis of Gallagher's complaint and is not marked "refused" or signed by the trial judge. Additionally, although Gallagher's brief indicates error was preserved during the charge conference, the only complaint regarding Question 1 on the referenced page is Gallagher's attorney's objection that "we believe that Question One is proper and it should be submitted because the jury needs to find that it was a breach of contract here," to which the trial judge replied "All right." We do not agree that this objection preserved the complained-of error. Even construing the preservation rules liberally, Gallagher's objection fails to explain why the trial court should have submitted an all-encompassing breach of contract question when the record now on appeal establishes it was undisputed Gallagher's policy was in full force and effect, it covered theft, Gallagher promptly notified FIE of her claim, and FIE had paid no part of it, thus rendering the only disputed liability issue whether a loss by theft occurred on January 16, 1991, as Gallagher alleged. We therefore agree with FIE that Gallagher failed to preserve this complaint. However, in light of the supreme court's remand instruction to consider the merits of Gallagher's appeal, we decline to dispose of Gallagher's point of error on a technical basis and instead proceed to its merits.

■ As noted above, the record now on appeal establishes the only disputed liability issue was whether a covered event—a theft by loss—occurred during the time frame Gallagher alleged. It was undisputed that if a covered event occurred, Gallagher was entitled to the replacement cost of the stolen property, if any. Under these circumstances, the record on appeal establishes the trial court properly did not submit Gallagher's requested question. *See, e.g., T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 223 (Tex.1992) ("Only disputed issues must be submitted to the jury.").

The record further establishes Gallagher's complaint does not rise to the level of reversible error, because the requested question at most represents a "different shade[ ] of the same question" submitted in Question 1 of the court's charge. *See* TEX.R. CIV. P. 278 ("A judgment shall not be reversed because of the failure to submit other and various phases or different shades of the same question."); TEX.R.APP. P. 44.1 (standard for reversible error in civil cases). We therefore overrule Gallagher's second point of error and affirm the judgment.