

NUMBER 13-12-00509-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

JUAN M. ESPINOSA,                                                    Appellant,

v.

ALLSTATE INSURANCE
COMPANY, ET AL.,                                                    Appellees.

On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez

By one issue, appellant, Juan M. Espinosa, appeals from the trial court's entry of

a final summary judgment in favor of appellees, Allstate Insurance Co., Allstate County

Mutual Insurance Co., and Allstate Property and Casualty Insurance Co. We affirm.

## I. BACKGROUND

Appellant purchased two automobile insurance policies from appellees. Subsequently, appellant filed suit against appellees for fraud, alleging that appellees had fraudulently concealed information about their internal policies and procedures for handling claims, which according to appellant, was material to his decision to purchase the policies. In relevant part, appellant's live petition alleged a single cause of action for fraud as follows:

> At times relevant to this case, [appellant] purchased personal automobile insurance policies from [appellees]. In connection with such purchase, [appellant] paid premiums corresponding to policy periods with respect to which [appellees] paid no amounts to [appellant] or on [appellant's] behalf to third parties.
>
> At times relevant to this case, [appellant] purchased said policies because [appellees] fraudulently concealed from [appellant] that [appellees] treat their policyholders less favorably if those policyholders choose to be represented by legal counsel when making claims for benefits under such policies by making the claims settlement process more protracted, burdensome and costly, while [appellees] pay substantially less on average to unrepresented policyholders than [appellees] pay to policyholders represented by legal counsel to settle such claims. Such claim handling by [appellees] puts [appellant] in a "damned if you do and damned if you don't" position, with respect to employing legal counsel in connection with obtaining policy benefits. [Appellees] fraudulently concealed from [appellant] that [appellees'] claims practices were such, that the policies sold to [appellant] were treated by [appellees] as defined benefits policies.
>
> . . .
>
> Such concealed information was material to [appellant's] decision to purchase such automobile insurance policies from [appellees].
>
> On account of [appellees'] conduct described herein, [appellant] is entitled, under the common law of Texas, to: (1) restitution to [appellant] of the premiums paid by [appellant] to [appellees] for policy periods with respect to which [appellees] paid no amounts to [appellant] or on [appellant's] behalf to third parties; and (2) exemplary damages.

Thereafter, appellees filed a motion for summary judgment. Among other things, appellees argued that they were entitled to judgment as a matter of law because there is no evidence that appellant suffered an injury as a result of the conduct alleged in his live petition. Specifically, appellees argued that appellant had no evidence that (1) the form and contents of his policies were not promulgated or approved for use by the Texas State Board of Insurance; (2) the policies did not provide the coverages appellant requested; (3) the premiums paid by appellant were other than those required by the filed-rates; (4) the value of the policies for the policy periods when no claim was made was less than the premiums appellant paid for those policy periods; and (5) appellant sustained any legally cognizable injury by virtue of how a claim would or might have been handled under the policies if a claim had been made.

In response, appellant produced evidence that he argued established that (1) in or about July, 1995, appellees adopted new practices, procedures and forms for handling policyholder claims; (2) appellees did not disclose these new practices, procedures and forms to appellant; and (3) if appellees had disclosed these practices, procedures and forms to appellant, appellant would not have purchased or renewed either policy.

The trial court granted appellees' motion for summary judgment. In relevant part, the trial court's corrected final summary judgment recites the following:

> [Appellant] is the named insured on two, and only two, automobile policies: (a) Policy Number 029-230-389 issued by Allstate Insurance Company effective September 7, 1990 and renewed and in continuous effect until September 15, 1999; and (b) Policy Number 516-511-324 issued by Allstate Property and Casualty Insurance Company effective September 15, 1990 and renewed and in continuous effect until September 15, 2004.

3

Three (3) claims were made against Policy Number 029-230-389: (a) Claim No. 7120721365, Date of Loss 08/07/1999; (b) Claim No. 2744259124, Date of Loss 08/08/1992 and (c) Claim No. 6020769292, Date of Loss 09/03/1991. Benefits were paid to or on behalf of [appellant] on each of these claims, and each of these claims has been fully resolved.

There were no claims made against Policy Number 516-511-324.

There is no evidence that the form and contents of either these policies were not promulgated or approved for use in Texas by the State Board of Insurance.

There is no evidence that either of these policies did not provide the coverage requested by [appellant].

There is no evidence that the premiums Allstate charged and [appellant] paid for either of these policies were not the amounts required under the insurer's rate for the coverages provided by the policies filed under the State's flexible rating program for personal automobile insurance.

[Appellant] seeks to recover restitution of the premiums he paid for policy years in which he had no claims for benefits under these automobile insurance policies, together with interest and punitive damages, for fraud by which he was induced to buy all of the insurance in question. [Appellant] claims that with respect to such "no benefit years," the Texas public policy against permitting perpetrators of fraud to keep the fruits of their fraud requires that [appellant] be allowed to recover restitution of the premiums he paid for such "no benefit years."

[Appellees] claim that [appellant] had the benefit of coverages sold to [appellant] for such "no benefit years," even if [appellant] made no claims for benefits in those years, so that restitution is not a remedy available to [appellant], even if he were induced by fraud to buy the insurance in question.

The Court concludes under these facts the Motion should be granted for the sole reason that [appellant] had the benefit of coverages sold to him for such "no benefit years," even though he made no claims for benefits in those years.

This appeal ensued.

## II. ANALYSIS

### A. Standard of Review

We review summary judgments de novo. *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). In a traditional motion for summary judgment, the movant has the burden of showing both that there is no genuine issue of material fact and entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant is taken as true, and all reasonable inferences are made, and all doubts are resolved, in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.* The nonmovant has no burden to respond to a traditional summary judgment motion unless the movant conclusively establishes its cause of action or defense. *Swilley*, 488 S.W.2d at 68.

A no-evidence summary judgment is equivalent to a pretrial directed verdict, and this Court applies the same legal sufficiency standard on review. *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex. App.—Corpus Christi 1999, pet. denied). In an appeal of a no-evidence summary judgment, this Court reviews the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Merrell Dow,* 953 S.W.2d at 711; *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995). If the nonmovant produces evidence to raise a genuine issue of

material fact, summary judgment is improper. TEX. R. CIV. P. 166a(i). All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact. *Zapata*, 997 S.W.2d at 747. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion of a fact.'" *Id.* (citing *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied) (quoting *Kindred v. Con/Chem Inc.*, 650 S.W.2d 61, 63 (Tex. 1983))). Conversely, more than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994). The burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion. TEX. R. CIV. P. 166a(i).

## B. Applicable Law

The gist of fraud is successfully using cunning, deception or artifice to cheat another to the other's injury. *McEwin v. Allstate Tex. Lloyds*, 118 S.W.3d 811, 816 (Tex. App.—Amarillo 2003, no pet.). The elements of fraud are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See Aquaplex, Inc. v. Rancho la Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam).

## C. Discussion

6

In this case, appellant alleged that because of appellees' fraud, he purchased two automobile insurance policies that he otherwise would not have purchased. In response to the no-evidence grounds for summary judgment raised in appellees' motion, appellant produced an affidavit in which he states that, if the information at issue had been disclosed to him, he would not have purchased or renewed either of the two automobile insurance policies he purchased from appellees. According to appellant, this is a sufficient injury to support a cause of action for fraud. We disagree.

The fraud alleged in this case is fraud in the inducement. In a claim of fraudulent inducement, the elements of fraud must be established as they relate to an agreement between the parties. *See Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001) ("Fraudulent inducement . . . is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof."). The existence of a contract establishes the element of detrimental reliance, not the element of an injury. *See id.* at 798 ("Without a binding agreement, there is no detrimental reliance, and thus no fraudulent inducement claim.").

To establish the element of an injury, appellant was required to produce evidence of either (1) an economic loss related to the policies or (2) a distinct tortious injury with actual damages. *Formosa Plastics Corp. United States v. Presidio Eng'rs & Contrs.*, 960 S.W.2d 41, 45 (Tex. 1998). Appellant produced no evidence of an economic loss related to the policies. Nor did appellant produce evidence of a distinct tortuous injury with actual damages. In fact, appellant concedes that appellees provided him with the benefit of coverage under the policies. Appellant concedes that "[a]bsent [appellees'] fraud, it could rightly be said that [appellees] earned the premiums [they] collected from

7

[appellant] for the 'no benefit years.'" Accordingly, we conclude that the trial court was correct in ruling that appellant received the benefit of coverage, that there is no evidence of an injury for purposes of maintaining a cause of action for fraud, and that appellees were therefore entitled to judgment as a matter of law.

Appellant's issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
14th day of February, 2013.